## BARNETT *v.* THE STATE OF INDIANA.

[No. 21,740.   Filed December 15, 1910.   Rehearing denied February
15, 1911.]

1.  APPEAL.—*Certiorari.*—*Allegations.*—*Bills of Exceptions.*—*Affidavits.*—A motion for a writ of *certiorari*, alleging "that the amended affidavit is omitted from the record and transcript" and "that the entry of the filing of the bill of exceptions is omitted from the transcript," is insufficient, since it fails to show that there was any entry of the filing of a bill of exceptions, and does not show the contents of the amended affidavit.   p. 216.

2.  CRIMINAL LAW.—*Motions in Arrest and for a New Trial.*—*Precedence.*—A prior motion in arrest of judgment cuts off a motion for a new trial; and therefore the omission of the evidence from the record does not affect the assignment on the overruling of the motion for a new trial, since neither the motion nor the evidence can be considered.   p. 216.

3.  INTOXICATING LIQUORS.—*Unlawful Sales.*—*Indictment.*—*Sufficiency.*—An indictment charging that defendant sold to a named person "one-half pint of whisky at and for the price of twenty-five cents, he the said [defendant] not being then and there licensed under the laws of the State of Indiana to sell spirituous, vinous or malt liquors," is sufficient, under §8337 Burns 1908, Acts 1907 p. 27, §1, providing that "any person not being licensed under the laws of the State of Indiana who shall sell   *   *   * any spirituous   *   *   *   liquors   *   *   *   shall be deemed guilty of a misdemeanor."   p. 217.

4.  APPEAL.—*Certiorari.*—*Motion for.*—*Requisites.*—A motion for a writ of *certiorari* to correct an alleged insufficient transcript should set out the omitted parts sought to be included therein. p. 217.

5.  INTOXICATING LIQUORS.—*Unlawful Sales.*—*Druggists.*—*Indictment.*—*Sufficiency.*—Under §8352 Burns 1908, Acts 1907 p. 689, §2, an indictment charging that defendant at a certain time and place, "being then and there a druggist or pharmacist, did then and there unlawfully sell" to a named person certain whisky, he, said defendant, "not being then and there licensed under the laws of the State of Indiana to sell spirituous, vinous or malt liquors, and said sale not being then and there made on the written prescription of a reputable physician engaged in the active practice of his profession," is sufficient.   p. 217.

6.  CRIMINAL LAW.—*Indictment.*—*Charging under Two Statutes.*—Where an indictment charging the commission of a misdemeanor is sufficient under two statutes, and the penalty is the same under both, defendant has no cause to complain that he was convicted under the wrong one.   p. 218.

7.  APPEAL.—*Certiorari.*—*Refusal of, when Useless.*—Where the granting of a writ of *certiorari* would be useless to the petitioner, a motion for such writ will be denied.  p. 218.

From Hamilton Circuit Court; *Meade Vestal*, Judge.

Prosecution by The State of Indiana against Roscoe Barnett. From a judgment of conviction, defendant appeals.  *Affirmed.*

*Christian & Christian*, for appellant.

*James Bingham*, Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson*, for the State.

MONTGOMERY, J.—Appellant was fined $100 for having made an unlawful sale of intoxicating liquor.

Errors have been assigned upon the overruling of his motions to quash the affidavit and for a new trial.

Appellant has filed a motion for a writ of *certiorari*, alleging merely " that the amended affidavit is omitted from the record and transcript," and " that the entry of the filing of the bill of exceptions is omitted from the transcript."

No attempt is made to show that there is any entry of the filing of the bill of exceptions, and, if so, when it was made or what it contains, or to show any of the contents of the amended affidavit.

The record does show that after a finding of guilty appellant made a motion in arrest of judgment, which was overruled, and subsequently that he made a motion for a new trial. The right to move for a new trial was cut off by the previous motion in arrest of judgment. *Turner* v. *State* (1910), *ante*, 1; *Yazel* v. *State* (1908), 170 Ind. 535; *Gillespie* v. *State* (1857), 9 Ind. 380; *Bepley* v. *State* (1853), 4 Ind. 264, 58 Am. Dec. 628.

It is manifest, therefore, that the bill of exceptions containing the evidence, if properly before us, would be of no value, since the motion for a new trial cannot be considered; and the entry of the filing of such bill, if duly made and properly certified, would not serve any useful purpose in this appeal.

We are cited to page two of the record for the affidavit upon which the conviction was had, where we find the following entry: " Comes now the State of Indiana, by C. M. Gentry, prosecuting attorney, and files amended affidavit herein, which amended affidavit reads as follows." An affidavit follows, which, omitting the formal parts, reads thus: " Ivan R. Goodwin, being duly sworn, upon his oath says that, as he is informed and believes, Roscoe Barnett, on or about the 8th day of February, A. D., 1910, at the county of Hamilton, in the State of Indiana, did then and there unlawfully sell to Louis Wien, one-half pint of whisky at and for the price of twenty-five cents, he, said Roscoe Barnett, not being then and there licensed under the laws of the State of Indiana to sell spirituous, vinous or malt liquors." This charge is clearly sufficient, and if appellant's motion to quash was addressed to it, the court correctly overruled it. Gillett, Crim. Law (2d ed.) §576.

Appellant's affidavit for a writ of *certiorari* directly contradicts the record heretofore set out. The affidavit shown in appellant's brief contains, after the word " Indiana," in laying the venue, the words " being then and there a druggist or pharmacist," and after the word " liquors," the words " and said sale not being then and there made on the written prescription of a reputable physician engaged in the active practice of his profession." If the amended affidavit contained the words included in quotation marks, and they are omitted from the copy thereof given in the record, appellant's motion should have alleged that fact. Appellant insists that the amended affidavit is open to the charge of duplicity. If it is in fact in the terms first set out, it is not amenable to this objection, but is sufficient under §8337 Burns 1908, Acts 1907 p. 27, §1. If it contains the words embraced in quotations, as before indicated, then it is clearly intended to rest upon §8352 Burns 1908, Acts 1907 p. 689, §2, and is

not open to criticism, but is equally good. The penalty in either case for the first offense is precisely the same, and appellant is in no position to complain on that account. It follows, therefore, that if appellant's application for a writ of *certiorari* is conceded to be sufficient to justify its issuance, it is apparent that the granting of the motion, and the issuance and return of the writ, would be a vain and useless ceremony, and the motion for the writ is denied.

It follows, also, that the judgment must be, and it is affirmed.