## McCoy v. State of Indiana.

[No. 24,128.   Filed June 8, 1923.]

1. CRIMINAL LAW.—*Former Jeopardy.*—*Plea.*—A defendant may prove his defense of former jeopardy under the plea of not guilty as fully as under a special plea.   p. 354.

2. CRIMINAL LAW.— *Trial.*— *Ruling on Plea.*— If a defendant fails to offer any evidence of a previous acquittal under a plea of not guilty after his special plea of former jeopardy is denied, or offers evidence which is overcome by proof to the contrary, the ruling on the plea of former jeopardy is harmless, even if erroneous.   p. 355.

From Howard Circuit Court; *William C. Overton,* Judge.

Prosecution by the State of Indiana against Lorton H. McCoy for violations of the prohibition law.   From a judgment of conviction, the defendant appeals. *Affirmed.*

*Broo & Holt* and *Wills & Cripe,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, J.—Appellant was charged by an affidavit in three counts with (1) unlawfully manufacturing and transporting certain intoxicating liquor, not otherwise described; (2) unlawfully selling, transferring, exchanging and delivering to Omer Wilson, for the price of ten dollars, one quart of gin, alleged to be intoxicating liquor; and (3) unlawfully manufacturing and transporting one quart of intoxicating liquor, which the affiant was "unable more specifically to name." Appellant filed a plea of former jeopardy, by reason of what he alleged had taken place in the city court of Kokomo, after an affidavit had been there filed which charged that he unlawfully manufactured, transported, sold,

bartered, exchanged, gave away, furnished and disposed of a quart of gin, but did not mention Omer Wilson, nor indicate in any manner to whom the gin was alleged to have been sold, bartered or given.

After setting out his plea of former jeopardy, the record states that immediately after the court had announced the ruling that jeopardy did not attach in the former proceeding, the defendant, "being arraigned in open court, entered a plea of not guilty, and said cause is now submitted to a jury" (naming them). And it then further states that, after having heard the evidence and instructions and retired to deliberate, the jury returned a verdict finding appellant "guilty of the unlawful sale of intoxicating liquor as charged in the second count of the affidavit," and fixing the penalty. No attempt has been made to incorporate any of the evidence in the record, whether offered in support of the plea of former jeopardy, or for any other purpose. No motion for a new trial was filed, and the only assignment of error in the Supreme Court seeks to challenge the ruling in relation to appellant's special plea, made before his plea of not guilty was entered. The statute expressly provides that under an oral plea of not guilty "the defendant may show and prove on the trial that he has before had judgment of acquittal, or been convicted,  *  *  *  for the same offense, or any matter of defense except insanity. But the defendant may plead specially any matter of defense." §2069 Burns 1914, Acts 1905 p. 584, §198; Brinkman v. State (1877), 57 Ind. 76, 79.

Therefore appellant had the same right, and all of the right, to prove the defense of former jeopardy, if he had such a defense, under his plea of not 1. guilty, that he would have had under his special plea if the trial court had not made the ruling complained of, and counsel has not suggested any ad-

vantage to which he was entitled under the special plea that ought not to have been, or that was not, fully accorded to him under the general issue. *Barker* v. *State* (1918), 188 Ind. 263, 266, 267, 120 Ind. 593.

If the appellant, in his trial upon a plea which put in issue the question whether he had been previously acquitted of the same offense, failed to offer any 2.   evidence of that fact, or offered evidence which was overcome by proof to the contrary, his conviction was not due to the ruling of which he is now complaining, and that ruling was harmless, even if it could have been shown to have been erroneous. *Lucas* v. *State* (1910), 173 Ind. 302, 304, 305, 90 N. E. 305; *Williams* v. *State* (1907), 169 Ind. 384, 385, 82 N. E. 790; *Bryant* v. *State* (1880), 72 Ind. 400, 402.

The judgment is affirmed.

Townsend, J., absent.