### EARLE v. STATE OF INDIANA.

[No. 24,218. Filed January 29, 1924.]

1. CRIMINAL LAW.—*Plea in Abatement.—Sufficiency.*—A pleading denominated by the defendant in a criminal prosecution a plea in abatement, but which is in fact an application to suppress certain evidence against the defendant consisting of liquors found in an unoccupied automobile by officers searching therein without a warrant, is properly stricken out on demurrer where no facts are pleaded connecting the defendant with the automobile or the liquor. He must be regarded as a stranger to the asserted wrong. p. 167.

2. CRIMINAL LAW.—*Pleading.—Issue on Special Pleas in Bar.*— The sufficiency of an answer in bar, pleading former jeopardy, is not before the court when not tested by demurrer for want of facts, or a motion. p. 168.

3. CRIMINAL LAW.—*Pleading.—Special Plea.*—Former jeopardy being equivalent to an acquittal, it may be pleaded specially under §2069 Burns 1914, Acts 1905 p. 584, §198. p. 169.

4. CRIMINAL LAW.—*Pleading.—Special Plea of Former Jeopardy. —Right to Separate Trial of Issue.*—Notwithstanding the statute permitting a defendant to prove matters in bar under the general issue, a defendant may insist upon the right to a separate trial of the issues under a special plea of former jeopardy. p. 169.

5. CRIMINAL LAW.—*Pleading.*—*Special Plea in Bar.*—When a former acquittal is pleaded in bar, two kinds of matters are involved, those of record consisting of the former proceeding and the acquittal, and those of fact which involve the identity of the offense and of the person alleged to have been guilty. p. 171.

6. CRIMINAL LAW.—*New Trial.*—*Filed after Motion in Arrest of Judgment.*—A motion for new trial made after the overruling of a motion in arrest of judgment, which does not show that any of the grounds for the motion for a new trial were unknown at the time of making the former motion, is properly overruled. p. 171.

From Vigo Circuit Court; *Frank C. Wade*, Special Judge.

Jack Earle was convicted of a violation of the prohibition law, and he appeals. *Reversed.*

*Miller & Kelley*, for appellant.

*U. S. Lesh*, Attorney-General, and *Mrs. Edward Franklin White*, Deputy Attorney-General, for the State.

MYERS, J.—The jury, in the court below, returned a verdict finding appellant guilty as charged in the second count of an affidavit filed in that court December 21, 1921, and obviously predicated upon the particular provision of the statute following: "It shall be unlawful for any person to manufacture, transport, possess, sell, barter, exchange, give away, furnish or otherwise dispose of any intoxicating liquor." Acts 1921 p. 736, §8356d Burns' Supp. 1921, amending §4, Acts 1917 p. 15.

Appellant met the charge thus preferred, first, by filing what he termed a plea in abatement to which, for want of facts, a demurrer was sustained; second, special answer of former jeopardy and request in writing for a separate trial of that issue prior to a trial on the general issue. This request, over the objection and exception of appellant, was denied by the court. He was

then arraigned and pleaded not guilty. The jury returned its verdict May 31, 1922, and on June 5, 1922, appellant moved in arrest of judgment, which motion on the same day was overruled. Seven days later appellant filed his motion for a *venire de novo*, and also his motion for a new trial, and both were then overruled, and judgment rendered on the verdict assessing a fine of $500 and six months imprisonment in the Vigo county jail.

Appellant is here seeking to avoid this judgment by alleging that certain rulings and acts of the trial court were erroneous. He first insists that the court

1. erred in sustaining the state's demurrer to his plea in abatement. This pleading, while denominated a plea in abatement, was, in fact, an application to suppress certain evidence which the state proposed to introduce against him. This evidence consisted of an exhibit of certain intoxicating liquor and statements by the sheriff of Vigo county and one of his deputies as to what they saw and did in the way of taking charge of an unattended automobile containing intoxicating liquor while the same was standing on the public highway near the traveled way and a short distance north of North Terre Haute. Generally speaking, it is averred that these officers, without the authority of a search warrant or warrant for the arrest of any one, upon seeing the automobile stop and persons leave it, thereupon took possession of the same and upon a search thereof found that it contained intoxicating liquor, which the state proposed to introduce in evidence, as well as the statements of the officers; that these acts of the officers were in violation of the unreasonable search and seizure clauses of the Constitution of this state and of the Constitution of the United States. But, there are no facts pleaded connecting appellant with the automobile or the liquor or showing

that he had any interest in either. Under these circumstances he cannot be heard to complain even though the alleged acts of the officers were unauthorized and illegal. However, we are not to be understood as approving or disapproving these acts. It is sufficient to say that the pleading in question fails to state facts showing that the alleged illegal search and seizure concerned the person, house, papers and effects of appellant. Consequently, he must be regarded as a stranger to the asserted wrong, and therefore without an interest supportive of his present contention. *Walker* v. *State* (1924), *post* 402, 142 N. E. 16.

Appellant next insists that the court erred in overruling his motion and request for a separate trial upon his answer in bar. The theory of this answer, while not carefully prepared, was former jeopardy. It was filed March 15, 1922, and, in substance, averred that this appellant, on November 11, 1921, in the city court of the city of Terre Haute, Indiana, was charged with the identical offense with which he is here charged and for which the state is proposing to try him; that on December 20, the day fixed for the trial of appellant on the charge filed against him in the city court, and before the Honorable Robert R. Erwin, Special Judge, witnesses were sworn and evidence heard on the merits and the cause continued until the next day, when further evidence was introduced and the cause again continued on motion of the state until December 23, when, on motion of the prosecuting attorney, it was dismissed, and appellant held on the affidavit filed in the circuit court December 21.

Appellant's answer in bar was not tested by a demurrer, motion or otherwise. Still, the state is here insisting that it was insufficient for want of
2. facts. While the question as to whether the answer states facts sufficient is not in reality before

us, nevertheless, we have examined the same and reached the conclusion that under our present liberal rule of pleading the facts averred and unchallenged before the trial would admit evidence sufficient to sustain the defense of former jeopardy. With these remarks we pass the point made by the state to the question of the right of appellant to have the defense of former jeopardy tried in advance of his trial on the charge to which he pleaded not guilty.

Our Criminal Code, §2069 Burns 1914, Acts 1905 p. 584, §198, permits an accused to plead the general issue orally and thereunder to prove former acquittal or former conviction, or any matter of defense except insanity, or he "may plead specially any matter of defense." In the instant case appellant attempted at least to plead specially former jeopardy in bar of the charge preferred against him in the circuit court. Former jeopardy being equivalent to an acquittal (*State* v. *Reed* [1907], 168 Ind. 588) it follows that a good plea of former jeopardy is the equivalent of pleading former acquittal and a defense which, under the statute, may be pleaded specially.

In *Clem* v. *State* (1873), 42 Ind. 420, 13 Am. Rep. 369, the court, referring to the statute (2 G. & H. p. 413, §97), "in all criminal prosecutions the defendant may plead the general issue orally, which shall be entered on the minutes of the court, and under it *every matter of defense may be proved*," (our italics) held that while that statute conferred a privilege on the defendant of pleading orally any matter of defense, yet it did not impair his right to plead specially in bar the defense of former acquittal or former conviction, as was his right at common law. The right to so plead may be very important, but it may be just as important to have the issue thus presented tried separate and distinct from the question of

guilt or innocence. These are rights which the accused may insist upon. For, by such procedure, his special plea would be tried according to legal rules, and uninfluenced by a trial at the same time of the general issue. That he may waive either of these rights we have no doubt (*Toney* v. *State* [1914], 10 Ala. App. 220), but unless he does so, it would be error to compel him to go to trial on both the general and special issues at the same time. In *Commonwealth* v. *Merrill* (1864), 8 Allen (Mass.) 545, it is said: "But the defendant had a right to a trial of his special pleas according to legal rules, and, as he did not waive that right, a majority of the court are of the opinion that he has suffered a legal injury by being deprived of such trial." See, also, *Gillespie* v. *State* (1907), 168 Ind. 298; *Tindall* v. *State* (1880), 71 Ind. 314, 316; *Weinzorpflin* v. *State* (1844), 7 Blackf. 186.

It thus appears that this jurisdiction has, by statute and by judicial opinion, declared that a special plea of former acquittal or conviction presents a distinct issue which may or may not be tried along with the general issue of not guilty. Our present statute also not only confers a privilege on the defendant by expressly authorizing proof of former acquittal or former conviction as a defense under the general issue, but it further provides that he "may plead specially any matter of defense." At this point it may be well to notice *Williams* v. *State* (1907), 169 Ind. 384; *Lucas* v. *State* (1910), 173 Ind. 302; *Barker* v. *State* (1918), 188 Ind. 263; and *McCoy* v. *State* (1923), 193 Ind. 353, 139 N. E. 587. Without taking the time and space necessary to consider these cases separately by indicating the manner of reserving the question in the court below, or to give a resume of each opinion on appeal, we regard it sufficient to say, insofar as the point in each of those cases involved a similar question to the one at bar now

under discussion, there was no request for a separate trial of the special issue, nor was there any objection to the ruling of the court that the trial proceed on the general issue, after having sustained a demurrer to the special plea. Hence, since a separate trial of an issue pleaded specially may be waived (16 C. J. 428), the trial court may assume, in the absence of an objection or a request to the contrary, that the accused is willing to take his chances upon a trial of both issues at the same time. In the instant case there was no issue of law tendered on the special plea, and appellant's request for a separate trial on the merits of that issue was timely made, thereby clearly distinguishing the present case from the Williams and other cases to which we have referred.

From what we have said, our conclusion pertaining to the validity of the judgment at bar may be readily foreseen. So that it may not be out of place to 5. make a suggestion using language found in *Commonwealth* v. *Cabot* (1921), 241 Mass. 131, 153: "When a former acquittal is pleaded in bar, two kinds of matters are involved, those of record consisting of the former proceeding and the acquittal, and those of fact which involve the identity of the offence and of the person alleged to have been guilty."

For the error in refusing appellant's request for a separate trial on his special plea in bar, the judgment in this case must be reversed. Hence, it will be 6. unnecessary to consider the court's ruling on the motion in arrest, or the motion for a *venire de novo*. The record discloses that appellant's motion in arrest was filed and overruled prior to the filing of his motion for a new trial, and, it not appearing that any of the grounds of the motion for a new trial were unknown at the time the motion in arrest was made, the motion in arrest cut off the right to subsequently file

the motion for a new trial. *Page* v. *State* (1923), 193
Ind. 442, 139 N. E. 143; *Boos* v. *State* (1914), 181
Ind. 562; *Barnett* v. *State* (1910), 175 Ind. 215; *Hammer* v. *State* (1909), 173 Ind. 199, 24 L. R. A. (N. S.)
795, 140 Am. Rep. 248, 21 Ann. Cas. 1034.

Judgment reversed, with instructions to the court below to sustain appellant's motion and request for a separate trial on his special plea of former jeopardy, and for
further proceedings not inconsistent with this opinion.