## FORAN *v.* STATE OF INDIANA.

### [No. 24,367. Filed July 1, 1924.]

1. INTOXICATING LIQUORS.—*Former Jeopardy.—Evidence.—Sufficiency.—Statutes.*—In an action for unlawfully disposing of intoxicating liquors and maintaining a room where intoxicating liquors were sold, in violation of §§8356d, 8356t Burns' Supp. 1921, Acts 1921 p. 736, on issue of former jeopardy tried under general plea of not guilty (§2069 Burns 1914, Acts 1905 p. 584) evidence *held* insufficient to show the alleged offenses were identical. p. 57.

2. CRIMINAL LAW.—*Former Jeopardy.—Plea of Not Guilty.—Necessary Proof.*—The defense of former jeopardy may be proved under a plea of not guilty (§2069 Burns 1914, Acts 1905 p. 584) but the rules of evidence governing the trial and the proof required are the same as if a special plea of former jeopardy had been filed. p. 60.

3. CRIMINAL LAW.—*Former Jeopardy.—"Same Transaction Test."—"Identity of Offense" Test.*—On the issue of former jeopardy the "same transaction test" has been repudiated in this state, and the courts lean to the "identity of offense" test which is in harmony with the constitutional guaranty, and is that the second charge must be the same identical act and crime as that for which the accused had been placed in jeopardy and the test whether if what is set out in the second indict-

ment had been proved under the first, could there have been a conviction.   p. 60.

4.   INTOXICATING LIQUORS.—*Unlawful Sale.—Separate Offenses.* —Each sale of intoxicating liquors in violation of the statute is a separate and distinct offense, even though the sales occurred on the same day.   p. 61.

5.   CRIMINAL LAW.—*Plea of Former Jeopardy.—Necessary Proof.* —To bar a prosecution by a plea of former jeopardy, proof that the accused had been indicted, and either acquitted or convicted since the date of the offense now alleged against him, *held* insufficient, as he must prove that the former acquittal or conviction was for the same offense now charged.   p. 62.

6.   CRIMINAL LAW.—*Former Jeopardy.—Burden of Proof.*—The burden of proof is on the accused to sustain a plea of former jeopardy.   p. 63.

From Marion Criminal Court (54,193) ; *James A. Collins,* Judge.

Prosecution by the State of Indiana against Patrick Foran.   From a judgment of conviction, the defendant appeals.   *Affirmed.*

*Holmes & McCallister,* for appellant.

*U. S. Lesh,* Attorney General, and *Mrs. Edward Franklin White,* Deputy Attorney General, for the State.

TRAVIS, J.—Appellant was convicted of violating the Prohibition Law as charged by an affidavit in three counts, originally filed in the city court of the city of Indianapolis on December 28, 1922, which charged the offenses of unlawfully (count 1) furnishing and disposing of intoxicating liquor to two persons on December 27, 1922; (count 2) keeping intoxicating liquor with an intent to sell, etc., on December 28, 1922; (count 3) maintaining a common nuisance—a room where intoxicating liquors were kept for sale, etc.,—on December 28, 1922; in violation of sections 4 and 20, Acts 1917 p. 15, as amended Acts 1921 p. 736, §§8356d, 8356t Burns' Supp. 1921.   From a judgment upon the general finding

of guilty by the court appellant appeals, and assigns
as error the action of the trial court in the overruling
of his motion for a new trial, for the causes that the
finding of the court is not sustained by sufficient evi-
dence and is contrary to law; and makes the sole propo-
sition that he has been put twice in jeopardy for the
same offense.

The appellant did not make a formal plea of
*autrefois acquit,* but tried the issue of former jeopardy
under the general plea of not guilty. §2069
1. Burns 1914, Acts 1905 p. 584, §198. Appellant
in his evidence to support his plea of former
jeopardy under the general plea, introduced in evidence
the following stipulation: "It is agreed by and between
counsel for the state and counsel for the defendant in
open court in the presence of the defendant, that de-
fendant's exhibit No. 1 is the affidavit upon which the
defendant Foran was tried in the city court on the 20th
day of December, 1922, and it is further agreed he was
found not guilty as charged." The affidavit referred to
as exhibit No. 1 in the stipulation was filed in the city
court of the city of Indianapolis December 20, 1922, and
consisted of six counts which charged appellant with the
violation of the Prohibition Law on December 20, 1922,
with having unlawfully (1) sold, etc., intoxicating liq-
uor; (2) manufactured, transported, and possessed in-
toxicating liquor, and for keeping intoxicating liquor
with intent to sell, etc.; (3) possessed a certain still for
the manufacture of intoxicating liquor intended for use
in violation of law; (4) sold on that date a certain
alcoholic preparation for beverage purposes; (5) main-
tained a common nuisance—a place where intoxicating
liquors were kept for sale, etc.; and, (6) received in-
toxicating liquor from a carrier. Exhibit No. 1, which
was offered and read in evidence, included the endorse-

ment of the judge of the court on the face of the affidavit, "Discharged. D. O. W., Judge," which initials stood for D. O. Wilmeth, Judge.

Appellant on his own behalf testified that he was arrested December 19, 1922, on which day a charge of "Blind tiger" was placed against him, and that on the following day, December 20, 1922, he was tried in the city court of the city of Indianapolis, and that after the hearing of the testimony at that trial, he was discharged by the court.

The affidavit which was first filed in the city court and which is exhibit No. 1, charged the sale of intoxicating liquor but did not name any person to whom such liquor was sold. The second affidavit which was filed December 28, charged that appellant unlawfully furnished and disposed of intoxicating liquor to Walter Miles and William Sweeney. In the trial of the case at bar, Walter Miles testified that he purchased three or four drinks of whisky of the appellant December 19, 1922, and that he did not buy any liquor from appellant between the twentieth and the twenty-seventh days of December, 1922; Sweeney testified that he bought five or six drinks of liquor of the appellant December 19, 1922, and that Miles was with him when he purchased it. All the evidence on behalf of the state was in support of the offense charged in the first count of the affidavit, which was concerning sales to each of the two persons named only, and on December 19, 1922. No evidence was introduced at the trial of the case at bar, to show what the evidence was at the trial in the city court under the first affidavit, to prove the fact that the offense alleged in the first affidavit was identical with the offense alleged in the second affidavit.

As appellant points out in his brief, the evidence affirmatively shows that the whole transaction out of which this prosecution arose occurred on December 19,

1922, but it does not follow, as alleged in the next point by appellant, that the evidence equally affirmatively shows that the offenses charged by an affidavit against appellant which was filed in the city court of the city of Indianapolis December 20, 1922, were based upon the same transaction upon which the case at bar is based. Outside of the evidence shown by the stipulation and exhibit No. 1, there is no evidence in the record, as disclosed by appellant's brief, to show when the offenses charged by the first affidavit known as exhibit No. 1, were committed. The offenses charged in the first affidavit may have been committed at any time previous to the filing of the affidavit within the period of the statute of limitations, if they were not committed on the exact date alleged. The first affidavit did not allege to whom the sales of intoxicating liquor were made, but alleged that appellant did "unlawfully sell etc.  *  *  *  intoxicating liquor to ———————— and ————————." The appellant made no objection to the charge thus made by count 1 of the affidavit filed in the city court December 20. It is plain to be seen that the two affidavits do not themselves show that the offenses as charged in both affidavits are one and the same, or that they even grew out of the same transaction. It would be necessary, in order for the court which tried the cause to conclude that the offenses of selling in both affidavits were one and the same, that evidence *aliunde* should be introduced to show the evidence that was given at the first trial. This evidence would show whether or not the sales charged in the first affidavit, and upon which appellant was tried, were made the same day and place as the disposal of intoxicating liquor testified about in the trial of the second affidavit; and whether or not the sales alleged in the first affidavit were made to the two identical persons to whom intoxicating liquor was furnished, as alleged

in the second affidavit.   *Mood* v. *State* (1924), 194 Ind. 357, and cases there cited.

In this state by statute the defense of former jeopardy may be proved under a plea of not guilty, but the rules of evidence governing the trial of the issue
2. necessary to sustain the plea are the same, whether this issue is pleaded specially or taken advantage of under the general issue, and the same proof is required as if the defendant had filed a special plea of former jeopardy.

Appellant, in his points and authorities and argument, seeks to establish by the proof that was offered, that the offenses charged in each of the affida-
3. vits grew out of the same transaction; and quotes the test applied in some jurisdictions to sustain the plea known as "the same transaction test."   This test has been expressly repudiated in this state.   *State* v. *Elder* (1879), 65 Ind. 282, 32 Am. Rep. 69.   The courts of this state however have leaned more strongly to the "identity of offense" test, which is that the second charge must be for the same identical act and crime as that charged by the first affidavit or indictment upon which defendant had been placed in jeopardy.   This test is in harmony with the constitutional guarantee. *Mood* v. *State, supra.*   This test, as usually stated in the decisions of this court, is whether if what is set out in the second indictment had been proved under the first, there could have been a conviction, *State* v. *Reed* (1907), 168 Ind. 588, 591; or stated another way: "Would the same evidence be necessary to secure a conviction in the pending, as in the former prosecution," *Smith* v. *State* (1882), 85 Ind. 553, 557.   This rule however is subject to exceptions.   It will be noted that the Bill of Rights guarantees that "no person shall be put twice in jeopardy for the same offense."   Even though it might be presumed that the "unlawful disposal of

whisky" as charged in the affidavit in the case at bar, and the "unlawful sale of intoxicating liquor" as charged in the first affidavit, occurred on the same day, December 19, 1922, in the absence of any allegation in the first affidavit as to whom such sales were made, there is no proof to show that the charge in the first affidavit, as tried in the city court, was for sales of intoxicating liquor or whisky to the persons named in the second affidavit. The offenses charged must not only be the same in law, as would be shown by the instruments which charged the offenses, but that such offenses must be the same in fact. In other words, the offenses, in order to be the same, must be the same act and crime.

This is in harmony with the first authoritative text on this matter: "The pleas of *autrefois acquit* and *autrefois convict,* or a former acquittal and former conviction, must be upon a prosecution for the same identical act and crime." Blackstone's Commentaries, Bk. 4, p. 336.

Evidence was introduced in support of the plea upon the question of the two offenses being the same in law, by having both affidavits before the court. But 4. there was no evidence given in support of the plea that the offenses were the same in fact. In this state each sale of intoxicating liquor in violation of the statute is a separate and distinct offense, even though the sales occur upon the same day. *Lebkovitz v. State* (1887), 113 Ind. 26, 27.

The evidence in support of the special plea does not show any testimony given at the trial under the first affidavit, nor to whom the sales may have been made. For aught that the record shows the sales may have been upon widely separated dates and to different persons, each of which would have been a separate and distinct offense.

It may be asserted to be the general rule that, in order to bar a prosecution by a plea of former jeopardy, it is not sufficient for the defendant to show that he has been indicted, and either acquitted or convicted, since the date of the offense then alleged against him. He must also prove that the former acquittal or conviction was for the same offense now complained of. *People* v. *Gault* (1895), 104 Mich. 575, 578, 62 N. W. 724; Black, Intoxicating Liquor §555; *State* v. *Andrews* (1858), 27 Mo. 267; *State* v. *Shafer* (1878), 20 Kans. 226; *State* v. *Blahut* (1886), 48 Ark. 34, 2 S. W. 190.

It cannot be presumed that proof of the facts alleged in the second affidavit would have warranted a conviction upon the first affidavit as to point of time. The two affidavits are not contemporaneous in that both do not cover the same and exact period of time laid down by the statute of limitations. Under the first affidavit it might have been possible to convict for a sale made December 21, 1920, which was within the two years prior to the date of the making and filing of the affidavit, but such date does not come within the two year period of limitation applicable to the second affidavit which was filed on December 28, 1922. In proof of sales of liquor under either affidavit, the state was not confined to the date named in the count which charged the offense, as the date on which such sale was made, but had the right to show that the appellant had made such sales and thereby offended the statute at any time within the period defined by the statute of limitations. Whether the same act was proved or attempted to be proved upon the trial under the first affidavit would be a question of fact, and jeopardy under the first trial would only be a bar to a further prosecution for such offenses as were proved or attempted to be proved in the trial which occurred December 20, 1922, upon the

first affidavit.   Proof of this, of course, would have to be shown by extrinsic evidence *aliunde* to the record.

The burden is upon appellant to sustain his plea, and that he has been placed in jeopardy theretofore for the identical offense charged in the second affidavit.

6.   This is done when it is made to appear that the same acts constituting the offense were previously inquired or attempted to be inquired into by the state, under a charge legally made.

The offenses not being identical in law, as charged by the two affidavits, and there being no evidence upon the question of fact of the identity of the offenses charged, it is held that the issue of former jeopardy presented upon appeal was not sustained by sufficient evidence.

Judgment affirmed.