## WOODWARD *v.* STATE OF INDIANA.

[No. 24,930.   Filed June 9, 1926.]

1. CRIMINAL LAW.—Rulings of the court which are assigned as causes for a new trial are waived if not properly presented in appellant's brief on appeal.   p. 71.

2. CRIMINAL LAW.—No question as to the exclusion of evidence is presented on appeal unless the appellant made a timely offer of what he expected to prove by the answers to the questions. p. 71.

3. CRIMINAL LAW.—*To sustain a plea of former jeopardy, defendant must prove that former acquittal or conviction was for same offense.*—To bar a prosecution by a plea of former jeopardy, the defendant must prove that the former acquittal or conviction was for the same offense for which he is being prosecuted.   p. 72.

4. CRIMINAL LAW.—The burden of proof is on the accused to sustain his defense of former jeopardy.   p. 72.

5. PERJURY.—*In prosecution for perjury, defense of former jeopardy was not sustained where the evidence did not show former acquittal in prosecution for offense charged.*—In a prosecution for perjury charged to have been committed in a prosecution against another for having possession of intoxicating liquor with intent to sell, proof by the defendant that he had been acquitted of a charge of perjury in a prosecution against the same person for the sale of intoxicating liquor was insufficient to sustain a plea of former jeopardy.   p. 72.

6. PERJURY.—*Sufficiency of evidence to sustain conviction for perjury.*—To warrant a conviction for perjury, the proof must be given by the direct and positive testimony of two witnesses or of one witness supported by corroborating facts and circumstances, sufficient to convince the jury beyond a reasonable doubt of the falsity of the matter sworn to by the accused. p. 73.

7. PERJURY.—*Different falsehoods may be charged in the same affidavit or indictment when they all occurred in the same transaction.*—In a prosecution for perjury, several different assignments of perjury may be joined in the same affidavit or indictment when they all occurred in the same transaction. p. 73.

8. PERJURY.—When an affidavit charges the commission of perjury in several different instances in the same transaction, the state need not prove all of them.   p. 73.

9. PERJURY.—*When judgment of conviction for perjury reversed.*—A judgment of conviction for perjury will be reversed where the state failed to make the proof required in perjury in support of any of the assignments of perjury.   p. 73.

From Harrison Circuit Court; *Thomas J. Wilson,* Judge.

Howard G. Woodward was convicted of perjury, and he appeals. *Reversed.*

*Clyde R. Lottick,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George M. Barnard,* for the State.

GEMMILL, J.—In the Harrison Circuit Court, the appellant was charged by affidavit with the crime of perjury. He was found guilty by a jury. From the judgment rendered upon the verdict, this appeal has been taken.   In the affidavit, it is alleged that appellant appeared as a witness for the state in the case of State v. James W. Jones, alias William S. Jones, in said court; in which criminal prosecution, Jones was tried for the unlawful sale of intoxicating liquor to the appellant, and that, as such witness, he swore falsely as therein set out. It is assigned as error that the court erred in overruling appellant's motion for a new trial.   There is a second assignment of error, but same does not present any question for review.

Fifteen causes are stated in the motion for a new trial.   Some of same have been waived by appellant by not presenting them in his brief.   Eight causes 1, 2. are based on the refusal of the court to permit certain witnesses to answer certain questions. When the court refused to permit the witnesses to answer said questions, the appellant did not show what he desired to prove by same.   It is well settled that

when an appellant has made no offer as to what he expected to prove in answer, no question is raised upon the ruling sustaining an objection to the question. *State, ex rel.*, v. *Cox* (1900), 155 Ind. 593, 58 N. E. 849; *Williams* v. *Chapman* (1903), 160 Ind. 130, 66 N. E. 460; *Papenbrook* v. *White* (1923), 194 Ind. 17, 141 N. E. 804; *Mills* v. *Thomas* (1924), 194 Ind. 648, 144 N. E. 412. It is not shown that there was any error in the admission or exclusion of evidence.

It is insisted by the appellant that the verdict of the jury is not sustained by sufficient evidence. Under his plea of not guilty, appellant attempted on the trial of this cause to prove the defense of former jeopardy. It is true that he was tried twice for the crime of perjury. The first affidavit upon which appellant was tried and upon which he was acquitted was for perjury in a prosecution against Jones for the possession of liquor with intent to sell. This prosecution against Jones was dismissed and never tried. The second affidavit, upon which he was tried and convicted, charged perjury in the prosecution against Jones for the sale of intoxicating liquor, which case was tried and at which appellant was a witness. The second affidavit was the first affidavit with certain parts stricken out and certain additions made thereto. The first affidavit was verified on January 30, 1924, and the second on September 12, 1924. To bar a prosecution by a plea of former jeopardy, the defendant must prove that the former acquittal or conviction was for the same offense now complained of. *Foran* v. *State* (1924), 195 Ind. 55, 144 N. E. 529. The alleged offenses of perjury were not identical. The burden of proof was on the accused to sustain his defense of former jeopardy. He failed to do this.

To warrant a conviction for perjury, the evidence must be such as to satisfy the jury to the exclusion of

a rational doubt of the falsity of the matter 6-9. sworn to by the accused, but this evidence must be no less than the direct and positive testimony of two witnesses or one witness and corroborating facts and circumstances. *Hann* v. *State* (1916), 185 Ind. 56, 113 N. E. 304; 21 R. C. L. 272, §17. In the affidavit in this case, there are nine separate assignments of perjury. Several assignments on material matters may be joined when they all relate to the same transaction. And when there is sufficient evidence to sustain one or more of the assignments, the prosecution need not prove all. Underhill, Criminal Evidence (3d ed.) 919, §682; 30 Cyc 1452. Upon the trial, the state failed to make the required proof as to any one of the assignments of perjury. The verdict of the jury was not sustained by sufficient evidence.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.