## HOLT *v.* STATE OF INDIANA.

[No. 28,025.   Filed March 1, 1945.   Rehearing Denied March 13, 1945.]

*Theodore Lockyear,* and *Paul Wever,* both of Evansville, for appellant.

*James A. Emmert,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, and *Forrest P. Jones,* Deputy Attorney General, for the State.

O'MALLEY, C. J.—The appellant, by affidavit, was charged with inflicting an injury while engaged in the commission of a robbery. Through his attorney he filed notice under the statute, §§ 9-1631, 9-1632, 9-1633, Burns' 1942 Replacement, §§ 2263-1, 2263-2, 2263-3, Baldwin's 1935 Supp., of his intention to offer evidence of an alibi and called upon the State to fix the time and place of the alleged crime. Prior to the service of notice the appellant had been arraigned and entered a plea of "not guilty," and the cause was then set for trial. The prosecuting attorney did not file his answer to the appellant's request until February 9, 1944, al-

though a copy had been delivered on the previous day to his counsel.

The trial was commenced on February 9, 1944, the jury was impaneled and two witnesses testified, and then the appellant's attorney requested the court to continue the matter for eight days in order that he might prepare his case and secure the presence of his witnesses. The court granted the continuance, discharged the jury and then reset the matter for February 17, 1944. Prior to the latter date the appellant filed a plea of former jeopardy. To this plea the State of Indiana filed a demurrer, which was sustained. The trial proceeded and the appellant was found guilty of the crime charged and sentenced to life imprisonment. At the trial evidence of former jeopardy was offered and received, and the question of former jeopardy is presented: 1. By asserting that the court erred in sustaining the demurrer to the plea of former jeopardy. 2. By asserting that the verdict is not sustained by sufficient evidence and is contrary to law.

Our Court has held that no question is presented on the claimed error in sustaining the demurrer to the plea of former jeopardy, because the evidence of former jeopardy may be presented under the plea of not guilty. *Marks* v. *State* (1942), 220 Ind. 9, 40 N. E. (2d) 108.

It is contended that a defendant may stand mute and take advantage of irregular or erroneous rulings or directions of the court. To support his contentions the appellant relies upon *Armentrout* v. *State* (1938), 214 Ind. 273, 15 N. E. (2d) 363; *Gillespie* v. *State* (1907), 168 Ind. 298, 80 N. E. 829; and *Pizano* v. *State* (1886), 20 Tex. Ct. App. 139, 54 Am. Rep. 511. In each of the above cases, there was an objection to the discharge of the jury. In the Armentrout case it

is held, in effect, that consent to the discharge of the jury by the defendant, renders the defense of former jeopardy ineffectual as a bar to another trial for the same offense. We are of the opinion that the above cases were correctly decided. The instant case can, upon the facts, be readily distinguished from each of those cases. Here, the appellant, although present in court, did not object to the discharge. Furthermore, the discharge of the jury was part of the relief granted on appellant's own motion for a continuance, although the motion did not request such discharge.

This Court has held that where a defendant is in court and there is no showing that he objected to the discharge of the jury, he is presumed to have consented. *Kingen* v. *The State* (1874), 46 Ind. 132. In that case on page 134, it was said:

"Under the numerous decisions of this court, both in civil and criminal cases, based upon the statutes regulating the practice, we think it well established that whatever is done by the court without objection of the parties, they having an opportunity to object, must be deemed to have been done with their consent. The defendant clearly waived any objection to the discharge of the juror by failing to object or except thereto, and by her silence in this respect she must be deemed to have consented."

The above case is cited in *Gillespie* v. *State, supra,* and *Mood* v. *State* (1924), 194 Ind. 357, 142 N. E. 641. In the latter case this Court quotes from the Kingen case, *supra,* and sets out therein the same quotation here used.

It must further be remembered that many rights of a defendant given to him by either the Constitution or statute may be waived by express stipulation or by failure to make a timely objection.

It has been held in some jurisdictions that one accused

of crime may stand mute and still not be foreclosed from taking advantage of a court's action discharging a jury after jeopardy has attached.

However, we can hardly attach more importance to this right, than we have to many other rights, such as the right to a speedy trial, which may be lost by failure to make a request for trial, [*Chelf* v. *State* (1944), ante, p. 70, 58 N. E. (2d) 353; *State* v. *Beckwith* (1944), 222 Ind. 618, 57 N. E. (2d) 193] or the right to meet witnesses face to face which may be lost by waiver or failure to object to the testimony. *Butler* v. *The State* (1884), 97 Ind. 378.

In the instant case, the defendant was present in court and requested the continuance. The court granted greater relief than was contemplated in the motion, but the defendant was the one that requested the continuance and thus set in motion the very action upon which complaint is made. Under such circumstances, the defendant cannot be excused from objecting, and failure to do so must be taken as a consent to the action of the court. The evidence of former jeopardy is insufficient to constitute a bar to the trial. This is the only question presented. The evidence is sufficient to sustain the verdict and it is not contrary to law.

The judgment is affirmed.

Note.—Reported in 59 N. E. (2d) 563.