FORD *v.* STATE OF INDIANA.

[No. 28,709. Filed May 15, 1951. Rehearing denied June 18, 1951.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *Charles F. O'Connor* and *George W. Hand,* Deputy Attorneys General, for appellee.

JASPER, J.—Appellant was charged by an affidavit in two counts, with robbery under § 10-4101, Burns' 1942 Replacement, and with grand larceny under § 10-3001, Burns' 1942 Replacement. A plea of not guilty was entered, a trial by jury was waived, and the trial court found appellant guilty of robbery. Judgment and sentence followed.

Appellant presents only two questions for our consideration: (1) That the trial court had no jurisdiction of appellant, and (2) that by his trial and conviction appellant has been placed in former jeopardy. We shall answer these contentions in the order as above set out.

The affidavit in two counts was filed on May 16, 1949, at which time appellant was serving a sentence at the Indiana State Farm. A warrant for appellant's arrest was issued to the sheriff, and an order was entered, which, in substance, ordered the return of appellant from the Indiana State Farm. Appellant was returned to Marion County for trial.

Appellant contends that, since the order of the court did not order the sheriff to obtain approval of the Governor for the return of appellant, the court therefore did not have jurisdiction over appellant. Section 9-1019, Burns' 1942 Replacement, provides as follows:

"The sheriff, as soon as he receives the warrant, shall cause the same to be presented to the governor, who, if satisfied that such convict ought to be removed for sentence or trial, shall indorse his

"approval thereon, and without such approval and indorsement, the warden or superintendent shall not surrender the convict."

The Legislature places the duty upon the sheriff to obtain the approval of the Governor, and it is not incumbent upon the court to do so. The warrant is not in evidence, nor is there any evidence in the record regarding the question of jurisdiction of appellant, nor was any question raised until the attorney for appellant filed a motion in arrest after trial. The record discloses that the trial court had jurisdiction of the subject-matter, and that appellant was arraigned, tried, found guilty, and sentenced. In the absence of a showing to the contrary, this court must presume that the proceedings in the trial court were proper. *Witt* v. *State* (1933), 205 Ind. 499, 185 N. E. 645; *Hamilton* v. *State* (1934), 207 Ind. 97, 190 N. E. 870; *Slaughter* v. *State* (1936), 209 Ind. 658, 660, 199 N. E. 244; *Bledsoe* v. *State* (1945), 223 Ind. 675, 690, 64 N. E. 2d 160.

The contention of appellant was raised only by a motion in arrest of judgment. Under § 9-2001, Burns' 1942 Replacement, a motion in arrest of judgment will reach two defects: (1) That the grand jury which found the indictment had no legal authority to inquire into the offense charged, for the reason that such offense was not within the jurisdiction of the court; and (2) that the facts stated in the indictment or affidavit do not constitute a public offense. This court has held that a motion in arrest of judgment can only be granted for defects apparent in the record. All of the material facts, as contended by appellant and set out in the motion in arrest of judgment, are *de hors* the record; and an objection which must be established by extrinsic proof is not a good ground for a motion in arrest of judgment. *Loftus* v. *State*

(1945), 223 Ind. 647, 651, 63 N. E. 2d 290. The court had both jurisdiction of the subject matter and of the person of appellant. The contention of appellant is without merit.

Appellant further contends that he has been placed in double jeopardy. On June 20, 1949, he filed a motion to dismiss for former jeopardy. The motion was overruled by the trial court. The record discloses that appellant signed an extra-judicial confession, admitting three distinct and separate robberies; that he was charged by affidavit with one of the confessed robberies, and plead guilty to petit larceny, receiving a sentence to the Indiana State Farm, which sentence he was serving when the present affidavit in two counts, charging another of the confessed robberies, was filed. The extra-judicial confession, signed by appellant, was introduced at his first trial, and was introduced in the action now before us. The evidence discloses that appellant's two convictions involved two separate and distinct crimes. This court has held that no question can be presented as a claimed error in overruling a plea of former jeopardy, because the evidence of former jeopardy may be presented under a plea of not guilty. *Holt* v. *State* (1945), 223 Ind. 217, 59 N. E. 2d 563; *Marks* v. *State* (1942), 220 Ind. 9, 40 N. E. 2d 108; *McCoy* v. *State* (1923), 193 Ind. 353, 139 N. E. 587. Appellant had the duty of going forward with the proof to sustain his defense of former jeopardy. The record reveals that appellant did not sustain that duty. *Woodward* v. *State* (1926), 198 Ind. 70, 152 N. E. 277; *Foran* v. *State* (1924), 195 Ind. 55, 63, 144 N. E. 529; *Alyea* v. *State* (1926), 198 Ind. 364, 152 N. E. 801, 153 N. E. 775. Appellant seems to argue in his brief that this was the same transaction. If appellant is claiming that the "same transaction" test should be applied, this test was expressly repudiated in *State* v.

*Elder* (1879), 65 Ind. 282; *Foran* v. *State, supra.* The test to be applied on the issue of former jeopardy is whether the second charge is for the same identical crime as that charged by a prior affidavit or indictment upon which a defendant has been placed in jeopardy. As stated in *Foran* v. *State, supra,* in applying the "identity of offense" test, the test is whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction. In other words, would the same evidence be necessary to secure a conviction in the case now before us as in the former prosecution? There is no evidence of former jeopardy, and therefore the contention of appellant is without merit. The constitutional rights of appellant were not invaded.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 2d 655.