ANDREW SAWYERS, III *v.* STATE OF INDIANA.

[No. 2-174A43. Filed February 19, 1976.]

*Jerry W. Newman,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John M. Meyers,* Deputy Attorney General, for appellee.

WHITE, J.—Defendant-appellant Andrew Sawyers, III (Andrew), a juvenile waived by the Juvenile Court of Marion County to the Criminal Court of Marion County, brings this belated appeal from a sentence imprisoning him for not less than ten, nor more than twenty-five years adjudged against him upon a jury verdict finding him guilty of robbery (Count I) and not guilty of inflicting injury in the commission of robbery (Count II).

### ISSUE I.

#### *Double Jeopardy*

At his arraignment on November 3, 1972, Andrew orally pleaded not guilty. No special plea was filed. Thereafter, on February 21, 1973, he filed a motion to dismiss in which his trial attorney[1] made the following unverified allegations relative to his defense of double jeopardy:

> "1. Andrew was charged under cause number 7694 in the Johnson Circuit Court with first degree murder, which charge was dismissed following the impaneling and commencement of trial in that cause. A certified, complete

---

1. His appellate counsel was not his trial attorney.

transcript of the trial of cause number 7694 is in the possession of Andrew's counsel, and will be offered as evidence on this motion, will be made available to the prosecution for inspection, but is not attached hereto.

\* \* \*

"3. Andrew previously entered a plea of guilty to the same offense [robbery] charged against him in Count One of the above entitled proceedings. Pursuant to that plea, he was convicted and sentenced, but the plea and proceedings in connection therewith were vacated on May 26, 1972. Certified, complete transcripts of the proceedings are in the possession of Andrew's counsel, will be tendered to the Court as evidence in support of this motion, will be made available to the prosecution for inspection and copying, but are not attached hereto.

\* \* \*

"5. . . . Count Two [inflicting injury in the commission of robbery], said charge being retaliatory and punitive as a result of Andrew's refusal to abide by plea bargaining reflected in the complete transcript of the trial of April 26, 1972, . . ."

In the memorandum attached to the motion it is alleged:

". . . [T]he more severe charge [Count II, inflicting injury in the commission of a robbery] was filed in retaliation against the defendant's refusal to continue with a bargained plea after he had fully complied with such bargain, but it was vacated because of technical defects not attributable to him in any way. His subjection to the inflicting charge came after he had finally determined not to acquiesce in another round of proceedings following the nullification of the first."

Also filed with the motion was a copy of a memorandum which had been filed in Juvenile Court prior to waiver to Criminal Court. It includes the following unverified allegations and implications of extrinsic fact relevant to the claim of double jeopardy:

"The proceedings under this cause number [J72-230 in the Juvenile Court of Marion County] allege that the respondent committed a robbery. The state, in turn, seeks waiver to adult jurisdiction where he would be tried for that felony. The respondent was previously on trial for the same offense in the Johnson Circuit Court as reflected by

the record herein. It shows that in an Official Notice dated April 26, 1972, Andrew Sawyers, III entered a guilty plea to the offense of robbery. . . . The record shows that he was subsequently sentenced to a term of commitment of from ten to twenty-five years, and that he was transferred to the Youth Diagnostic Center to begin serving his sentence.

\* \* \*

"The only basis upon which the state apparently hopes to succeed despite the Double Jeopardy clauses is that the Johnson Circuit Court lacked jurisdiction over the person of the respondent at the time he entered his guilty plea and it was accepted by that Court. Indiana has traditionally held that a person is not put in second jeopardy unless his prior acquittal or conviction was by a court having jurisdiction to try him for the offense charged. . . . Research has disclosed no Indiana cases in which the individual placed on trial was a juvenile in the first instance and was subsequently tried by the appropriate tribunal.

\* \* \*

"The principle has been recently affirmed in Indiana that an adult criminal court can not go forward and place a juvenile on trial in most cases unless there has first been an appropriate waiver."

The record of the Criminal Court of Marion County, Division III, which is properly before us, disclosed that on March 12, 1973:

"This cause came on for Hearing on Motion for Discovery and Motion to Dismiss.

\* \* \*

"Court takes Defendant's Motion to Dismiss under advisement."

Thereafter, on March 15, 1973, the record reads: "Court overrules Defendant's Motion to Dismiss".

There is no further record of the Criminal Court of Marion County concerning the motion to dismiss. Thus we know from the record that the motion came on for hearing (the inference is strong that some kind of a hearing was held) but we do not know what happened at that hearing (if, indeed, it was held). For aught that appears in the record, it could be that

the motion was overruled because there was no evidence before the court to substantiate any of the unverified allegations of the motion. If any evidence was introduced, or any facts stipulated, at that hearing, it is not in the record before us.

At the time Andrew was charged, arraigned, tried, convicted, and sentenced, the procedure for asserting special defenses (except insanity which requires a special plea[2] and alibi which requires a special notice[3]) was prescribed by Ind. Ann. Stat. § 9-1132 (Burns 1956 Repl.) as follows:

"9-1132 [2230]. Plea of not guilty—Special defenses.—In all criminal prosecutions, except as in the next section provided, the defendant may plead the general issue orally, which shall be entered on the minutes of the court, and under it the defendant may show and prove on the trial that he has before had judgment of acquittal, or been convicted or pardoned for the same offense, or any matter of defense except insanity. But the defendant may plead specially any matter of defense. [Acts 1905, ch. 169, § 198, p. 584.]"[4]

Under this statute it was held:

"The question of former jeopardy may, prior to the trial, be presented by a plea in bar (*Klein* v. *State* [1901], 157 Ind. 146, 60 N.E. 1036; *Barker* v. *State* [1919], 188 Ind. 263, 267, 120 N.E. 593), the sufficiency of which is for the court (*Harlan* v. *State* [1921], 190 Ind. 322, 336, 130 N.E. 413), or by evidence during the trial under a plea of not guilty. *Foran* v. *State* (1924), 195 Ind. 55, 144 N.E. 529; *Earle* v. *State* (1924), 194 Ind. 165, 142 N.E. 405." *Mann* v. *State* (1933), 205 Ind. 491, 497, 186 N.E. 283, 187 N.E. 343.

---

2. Ind. Ann. Stat. § 9-1701 (Burns 1956 Repl.), now Ind. Ann. Stat. § 35-5-2-1 (Burns Code Ed., 1975).

3. Ind. Ann. State. § 9-1631, *et seq.* (Burns 1956 Repl.), as amended by P.L. 143, § 36 of 1974, see Ind. Ann. Stat. § 35-5-1-1 (Burns Code Ed., 1975.) See also, *Woods* v. *State* (1954), 233 Ind. 320, 322, 119 N.E.2d 558.

4. Raising special defenses by motion to dismiss was not expressly authorized by statute until Public Law 325 of 1973 became effective on July 26, 1973, 125 days after the trial of this case was concluded on March 23, 1973. Its pertinent provisions are found in Ind. Ann. Stat. §§ 35-3.1-1-4 and 35-3.1-1-8 (Burns Code Ed., 1975.)

In *Kelly* v. *State* (1947), 225 Ind. 577, 578, 75 N.E.2d 537, where the defendant-appellant had successfully attempted to raise the issue of prior jeopardy by an oral motion, the court said:

> "Former jeopardy is a matter of defense. It will be noted from the above quoted statute [also herein the above quoted § 9-1132] that this defense may be pleaded specially as a plea in bar or the same may be shown and proved under the general denial. This statute has no application when the facts showing former jeopardy appear of record in the same case. Under such circumstances this question can be raised by a motion to discharge as here attempted or in any other appropriate manner. 22 C.J.S. *Criminal Law*, § 277. In the case before us, however, extrinsic matters were relied upon in this motion.

> "This oral motion cannot be considered as a special plea in bar as such a plea must be in writing."

Andrew's motion to dismiss also relies upon extrinsic matters but is in writing and can therefore be considered a special plea in bar. Unfortunately, however, as previously noted, the evidence, if any, by which the appellant may have attempted to prove the extrinsic facts upon which he relies, has not been made a part of the record. We are, therefore, in no position to know whether the trial court committed error in overruling the motion. Since the appellant has failed to sustain his burden of demonstrating by the record that the trial court committed error, the presumption prevails that its ruling was correct. *A.S.C. Corporation* v. *First National Bank of Elwood* (1960), 241 Ind. 19, 23, 167 N.E.2d 460, *Souerdike* v. *State* (1952), 231 Ind. 204, 206, 108 N.E.2d 136; *Garrett* v. *State* (1939), 216 Ind. 52, 54, 22 N.E.2d 981.

Furthermore, error, if any, in overruling the motion would be harmless error. The overruling of a like motion was so treated in *Ford* v. *State* (1951), 229 Ind. 516, 520, 98 N.E.2d 655, in which the court noted:

". . . This court has held that no question can be presented as a claimed error in overruling a plea of former jeopardy, because the evidence of former jeopardy may be presented under a plea of not guilty. *Holt* v. *State* (1945), 223 Ind. 217, 59 N.E.2d 563; *Marks* v. *State* (1942), 220 Ind. 9, 40 N.E.2d 108; *McCoy* v. *State* (1923), 193 Ind. 353, 139 N.E. 587."

However, virtually no evidence of prior prosecution was presented at trial on the plea of not guilty, even though Andrew's Belated Motion to Correct Errors alleges that the jury's verdict "was contrary to law because the Defendant was put in jeopardy twice for the same crime." In fact, our reading of the transcript of the trial evidence reveals that the few vague references to prior litigation in Johnson County which we found in some testimony, were not purposely elicited by Andrew's trial counsel, and were uttered by witnesses in spite of his counsel's efforts to keep all evidence of (1) the robbery victim's death and (2) that there had been prior litigation.

At the very least, it was the defendant's duty to go forward with the evidence on the double jeopardy issue. *Ford* v. *State* (1951), 229 Ind. 516, 520, 98 N.E.2d 655. More probably, since the double jeopardy defense involves no question of guilt or innocence (*Harlan* v. *State* [1921], 190 Ind. 322, 336, 130 N.E. 413) it is an affirmative defense which the defendant bears the burden of proving. *Foran* v. *State* (1924), 195 Ind. 55, 63, 144 N.E. 529; *Woodward* v. *State* (1926), 198 Ind. 70, 152 N.E. 277; *Alyea* v. *State* (1926), 198 Ind. 364, 152 N.E. 801, 153 N.E. 775. Whichever was his burden, appellant did not sustain it,

As already noted, Andrew's appellate counsel was not his trial counsel. His appellate counsel has been quite industrious in his efforts to place before this court various items of documentary evidence of prior proceedings in the Johnson Circuit Court which give the appearance of being parts of the prior prosecution, or prosecutions, alleged in Andrew's motion to dismiss. However, counsel makes

no pretense of suggesting that the Criminal Court of Marion County, Division III, ever had any of that evidence before it at any time when it had jurisdiction to sustain or overrule Andrew's double jeopardy defense. We therefore can give such evidence no consideration.[5]

## ISSUE II

### Deceased Victim's Name on Affidavit

Among the witnesses names endorsed on the charging affidavit on which Andrew was tried is the name of the robbery victim who was fatally injured in the robbery. The court overruled Andrew's pretrial motion for an order requiring the state to strike that name from the affidavit. The thesis of the motion is that since the prosecuting attorney could read that witness list to the jury (as a part of the affidavit), the jury would infer, when the victim was not called as a witness, that he had been killed in the robbery. Supposedly such an inference would be unfairly prejudicial to the defendant. No authority is cited in appellant's brief to support the proposition that the defendant had any right to keep the jury from learning that the victim died as the result of the injury inflicted in the robbery.

But since there is no contention that the jury ever learned that the victim's name was on the witness list on the affidavit, there is no basis for any claim that error, if any, in overruling the motion was harmful. In fact, no such claim of harm is made. There is merely the suggestion that harm *might* have ensued.

5. In *Hardin* v. *State* (1972), 153 Ind. App. 317, 321, 287 N.E.2d 359, 361, 32 Ind. Dec. 579, 582, we said that certain facts in the record which were "not before the trial court during the proceedings below" were nevertheless "supportive of our finding that the decisions and judgment below is supported by 'substantial' evidence". Although the Supreme Court of Indiana expressly approved our affirmation of the trial court's judgment and therefore denied transfer, it also said: "No court may support its 'finding' in the sufficiency of the evidnece . . . from matter not received in evidence at trial." *Hardin* v. *State* (1973), 260 Ind. 501, 502, 296 N.E.2d 784. But see *Vacendak* v. *State* (1976), 264 Ind. 101, 340 N.E.2d 352.

Furthermore, the victim's name, Raymond Cox, was stated in the body of both counts of the affidavit and the victim's identity as Raymond Cox was established by the testimony of many witnesses. There is no indication that appellant ever objected to the victim's name appearing in the affidavit or to his identity being established by testimony. Nor can we think of any plausible basis for such an objection.

It is not unfair to characterize this alleged error as frivolous.

## ISSUE III.

### Failure to Give Defendant's Intoxication and Witness Credibility Instructions

The state quite properly points out that appellant has waived his claim of error with respect to the court's refusal to give his tendered instructions No. I (intoxication) and No. II (witness wilfully testifying falsely) because he has failed to comply with Appellate Rule 8.3(A)(7)'s mandate that "the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto." Nevertheless we have given consideration to appellant's contentions and find no merit in them.

The intoxication instruction is so worded as to imply that the court found it to be a fact that Andrew was intoxicated. It also incorrectly told the jury that "[a]ny intoxication, not necessarily total may be considered on the question of intent." The Indiana Supreme Court has recently said that "for intoxication to relieve appellant from responsibility the crime charged must have involved specific intent and he must have been so intoxicated as to be incapable of entertaining the required specific intent." *Emler* v. *State* (1972), 259 Ind. 241, 246, 286 N.E.2d 408.

The jury was fully instructed by the court's instructions Nos. 13 and 14 as to their evaluating the credibility of wit-

nesses and the effect of a witness's being found to have testified falsely. It is not error to refuse to give a redundant instruction. *Fuller* v. *State* (1973), 261 Ind. 376, 384, 304 N.E.2d 305, 311.

## ISSUE IV.

### *Sustaining Objections to Defendant's Cross-Examination Questions*

On cross-examination two state's witnesses were asked questions implying that the State might have rewarded them for their testimony by not prosecuting them for some offenses they may have committed. Objections to the form of three of such questions were made by the State and sustained by the court. One question was objectionable because it called for a conclusion. *State* v. *St. Anne Brick & Tile Co.* (1968), 142 Ind. App. 338, 340, 234 N.E.2d 664. Another was objectionable because it solicited inadmissible hearsay. *Cain* v. *State* (1973), 261 Ind. 41, 300 N.E.2d 89, 91. The third assumed a negative fact not in evidence (that the witness had not been prosecuted) and was properly excluded. *State* v. *Kinder* (1972), 259 Ind. 327, 329, 286 N.E.2d 826, 827.

## ISSUE V.

### *Defendant's Right to Remain Silent*

Appellant argues that in three instances the trial court committed error when it overruled his objections to police officers' testimony that Andrew had refused to talk to them. In each of these instances, however, counsel failed to object until the question had been answered. And, although he moved to stike the question and the answer, he offered no excuse for his failure to make a timely objection. The objection has thus been waived. *Smith* v. *State* (1967), 258 Ind. 594, 599, 283 N.E.2d 365; *Sams* v. *State* (1969), 251 Ind. 571, 574, 243 N.E.2d 879; *Romey* v. *Glass* (1950), 120 Ind. App. 279, 282, 91 N.E.2d 850.

## ISSUE VI.

### *Legality of Charging Defendant with Offense Greater than Robbery*

Appellant contends that: "The verdict of the jury was contrary to law because the defendant was subject to a trial for a greater offense [inflicting of injury in commission of robbery] than his first trial which was concluded by a plea of guilty of robbery."

This argument must fail for the same reason that his double jeopardy argument (Issue I) failed: There is no evidence in the trial court tending to prove that there was a first trial or that it was concluded by a plea of guilty of robbery.

No reversible error being found, the judgment is affirmed.

Sullivan, J., concurs.

Buchanan, P.J., concurs in result only.

NOTE.—Reported at 341 N.E.2d 810.