Filed Jan. 25, 1887.

————————⚬————————

No. 13,552.

## McGuire v. Wallace.

Habeas Corpus.—*Delay of Trial.*—*Application for Discharge from Custody.* —*Judgment.*—*Collateral Attack.*—Upon the hearing of an application by a prisoner, under sections 1782 and 1784, R. S. 1881, to be discharged from custody on the ground that his trial has been delayed more than two terms without his consent, if it appears that the delay has been caused by any act of the applicant, it is the duty of the court to remand him, and the judgment in that proceeding is conclusive on *habeas corpus.*

From the Fulton Circuit Court.

*C. H. Blackburn, M. L. Essick* and *O. F. Montgomery,* for appellant.

*G. W. Holman, J. S. Slick* and *C. P. Drummond,* for appellee.

MITCHELL, J.—On the 1st day of October, 1885, the grand jury of Fulton county, by an indictment duly returned, presented to the Fulton Circuit Court, then in session, that Patrick McGuire had theretofore on the 5th day of August, 1885, wilfully, purposely and with premeditated malice, feloniously killed and murdered one Michael Kain.

On the 19th day of the following November, the accused was taken into custody by Robert C. Wallace, sheriff of Fulton county, upon a warrant duly issued in that behalf, and committed to the jail of the county. He has remained in confinement continuously ever since, awaiting trial on a charge of murder in the first degree.

At the September term, 1885, that being the term at which the indictment was returned, the cause was continued by agreement.

At the succeeding February and April terms, continuances were ordered, over the defendant's objection, upon the written application of the prosecuting attorney, the ground of the application being at each term the alleged absence of one Mary E. Graul, an important witness on the State's behalf.

At the ensuing September term, the prisoner made an application to the court to be discharged, on the ground that he had been confined in the Fulton county jail without trial for a continuous period embracing more than two terms, after his presentment and arrest. His application was overruled, the cause was continued until the next term, and the defendant remanded into the custody of the sheriff.

At the succeeding term, the defendant renewed his application to be discharged, alleging as a ground therefor, that two previous continuances upon the application of the State had theretofore been granted without his consent, and that he had theretofore applied to be discharged at the preceding September term, and that such application had been refused, and the cause continued over his objection. He averred that the delay and continuances had not been caused by any act of his, nor by any person at his instance or request, and that

at each previous term there had been sufficient time for the trial. This last application was denied, and the prisoner again remanded to the custody of the sheriff.

On the 1st day of December, 1886, the appellant filed his petition to the circuit court of Fulton county, in which he set forth substantially the facts above recited, and added that he was unlawfully imprisoned in the Fulton county jail, and restrained of his liberty by the appellee as sheriff. It is again alleged in this petition that all of the continuances above recited, except the first, were without the appellant's consent, and over his objection, and that neither of the continuances was caused by any act of his, or of any one acting for him or with his knowledge or consent, and that he had been denied a trial without cause or fault on his part, there having been at each term sufficient time to have tried him.

He prayed for the writ of *habeas corpus* against Robert C. Wallace, sheriff of Fulton county, and asked to be discharged from the alleged unlawful restraint and imprisonment.

The writ was awarded accordingly, and with the body of the prisoner, the sheriff returned the facts, in nowise substantially different from those already recited.

Upon an inspection of the record of the cause pending upon the indictment, the court gave judgment against the petitioner, and again remanded him to the custody of the sheriff. From this judgment the appeal before us is prosecuted.

On the appellant's behalf it is contended, that upon the record as stated in the petition, and substantially admitted in the sheriff's return, the prisoner was illegally restrained, and that the order made at the November term, 1886, remanding him to the custody of the sheriff, was beyond the jurisdiction of the court, and consequently void.

The insistence of the appellant is, that after two continuances have been had by the State, after the term at which an indictment has been returned, a defendant, who has not consented to such continuances, and who has been detained in jail without a trial on a criminal charge, for a continuous

period embracing more than two terms after his arrest and commitment, may then make application to be discharged; that, upon such application, the court, if satisfied that there is evidence for the State which can not then be had, that reasonable effort has been made to procure the same, and that there is just ground to believe that such evidence may be had at the next term, may continue the cause until the next term, and that at such next term it is imperatively required that the prisoner should be either brought to trial or discharged.

This result is said to follow from a construction, or by the terms, of sections 1782 and 1784, of the code of criminal procedure, R. S. 1881.

Plausible and ingenious as the argument is in support of this view, we can not give it our approbation.

Section 1782 provides the method by which the prosecuting attorney may obtain the postponement of a criminal trial on account of the absence of any witness whose name is endorsed on the indictment. It provides further that no defendant shall be detained in jail without a trial on a criminal charge, for a continuous period embracing more than two terms after the term at which the indictment was found, " except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during said terms."

This section, as also the two sections following it, was enacted in aid of section 12 of the Bill of Rights, which provides, among other things, that justice shall be administered " completely, and without denial; speedily, and without delay."

The State may not, therefore, as was the case in those times when the liberty of the citizen was subject to the unbridled will of the crown, detain any person in prison upon any pretext whatever, without bringing him to trial as the statute prescribes. These beneficent provisions of the law were enacted to promote justice, and as a means for the vindication of the innocent and oppressed. They were not intended.

as a shield for the guilty and lawless, nor are they to be so construed as to offer inducements for those who commit crime, to enter upon active, aggressive schemes to prevent the State from obtaining the evidence thereof.

An exception was, therefore, wisely engrafted upon section 1782, the effect of which is, that when a continuance is had upon the motion of the accused, or when the delay has been caused by his own act, such continuance or such delay shall not be estimated as one of the terms embraced within the continuous period of confinement referred to in that section. In such a case, it must be considered that the prisoner has waived his constitutional and statutory right to have a speedy trial. *Butler* v. *State*, 97 Ind. 378, and cases cited. These exceptions are operative so long as the causes upon which they are predicated continue.

In *Commonwealth* v. *Haggerty*, 4 Brews. 320, a case in many respects analogous, the court said: " This defendant has voluntarily delayed his trial. He has succeeded in carrying off the commonwealth's witnesses. Possibly when he did this, he had no intention of securing the present result. Like the defendants in *Respublica* v. *Arnold*, 3 Yeates, 263, he doubtless supposed that if he stripped the commonwealth of her weapons, the victory would of necessity be with him. He is not the first artificer who has been caught in his own toils, and by the very means employed to defeat justice he finds himself confounded." *Clark* v. *Commonwealth*, 29 Pa. St. 129; *Commonwealth* v. *Sheriff, etc.*, 16 S. & R. 304; 1 Bishop Crim. Proc., section 951*d*.

Section 1784 evidently contemplates that the accused is not to be discharged, as a matter of course, after the expiration of two terms of continuous confinement, or at any other time, under the provisions of section 1782, except upon application to the court. After such confinement, that section contemplates that an application may be made for the discharge of the defendant. This application is to be made to the court in which the indictment is pending. Upon that application

it becomes a question whether the delay resulted from any of the causes which are within the exception contained in section 1782. If the delay was not occasioned by any of the matters within the exception, the court, if satisfied that there is evidence for the State, which reasonable diligence had not enabled it to procure, and that there is just ground to believe that such evidence may be procured by the next term, shall continue the case and remand the prisoner. In such a case, if the State fails to bring the accused to trial at the next term, he is entitled to his discharge. Such a discharge amounts to an acquittal of the offence. *Ex parte McGehan*, 22 Ohio St. 442; *Erwin* v. *State*, 29 Ohio St. 186; *Johnson* v. *State*, 42 Ohio St. 207.

If, however, upon such application, whenever made, the court should be satisfied that the delay was the result of one of the causes within the exception, it would be the duty of the court to continue the cause until the next term, and remand the prisoner unconditionally to await his trial. As long and as often as the State is able to make it appear that the occasion of the delay is one of the excepted causes, the application must fail.

The appellant's first application having resulted in a continuance until the next ensuing term, it is now said the only order or judgment which the court had jurisdiction to make upon the second application, was an order discharging the prisoner. As we have seen, this is a misapprehension of the statute.

The application involved an inquiry concerning questions of fact in respect to the cause of the delay in bringing on the trial. Both the State and the accused were entitled to be heard upon this investigation. The presumptions were in favor of the accused. We must presume that the court heard the evidence on both sides, and that its order and judgment was in consonance with the law and the facts. The presumptions are all in favor of the order of the court below. Its

judgment, until it is reversed or superseded by another order, upon a subsequent application, is a valid judgment, and good authority for the retention of the prisoner in custody. *Ex parte McGehan, supra; Johnson* v. *State, supra.*

Whether or not an appeal may be taken from an order, such as that made, we need not now inquire. It is enough to say that both the petition and the return before us show that the appellant is in custody in pursuance of the order of a court of competent jurisdiction, such order being final so long as it is permitted to stand. When this point in the investigation is reached, all further inquiry is at an end. The prohibition contained in section 1119, R. S. 1881, forbidding an inquiry into the legality of any judgment or process, does not take from the court having jurisdiction of the writ, the power of determining whether the judgment or process emanated from a court of competent jurisdiction, and whether the court had the power to give the judgment or issue the process in question. When, however, the jurisdiction depends upon certain facts, and the court has passed upon those facts, its determination is conclusive until reversed. *People* v. *Liscomb,* 60 N. Y. 559 (19 Am. R. 211).

The restraint which results from the final order of a court of competent jurisdiction, can not be adjudged unlawful upon a collateral inquiry such as this. *Smith* v. *Hess,* 91 Ind. 424; *Holderman* v. *Thompson,* 105 Ind. 112; *Willis* v. *Bayles,* 105 Ind. 363; *Wright* v. *State,* 7 Ind. 324; *Wentworth* v. *Alexander,* 66 Ind. 39.

The learned counsel for the appellant concede that unless the judgment of the Fulton Circuit Court was void, we have no revisory or corrective jurisdiction, in a proceeding such as this. That it was not void has already been determined.

The judgment is affirmed, with costs.

Filed Jan. 25, 1887.