STATE OF INDIANA *v.* SOUCIE.

[No. 29,175.   Filed February 3, 1955.]

*Paul B. Wever,* Prosecuting Attorney, *William D. Stephens,* Deputy Prosecuting Attorney, and *Edwin K. Steers,* Attorney General, *Owen S. Boling,* Deputy Attorney General, for appellant.

*Wilbur F. Dassel,* of Evansville, for appellee.

BOBBITT, J.—This is an appeal upon a question of law reserved by the state.

On September 19, 1950, the Grand Jury returned an indictment against appellee and others charging them with (1) unlawful placing of explosives, and (2) conspiracy to commit a felony.

On January 11, 1952, appellee filed a motion for discharge under Acts 1905, ch. 169, §220, p. 584, being §9-1403, Burns' 1942 Replacement, because he was held by recognizance without trial for more than three terms of court. This motion was sustained and appellee discharged and released on January 31, 1952.

Thereafter, on October 22, 1953, an affidavit was filed against appellee charging him and another with the commission of the same offense on the same day and involving the identical property as charged in the indictment previously returned against him on September 19, 1950. The cause was set for trial on January 6, 1954.

On December 11, 1953 appellee filed what he denominates a "Plea of Former Jeopardy" in which he recites,

among other things, that he is the same person as the defendant John Soucie in Cause No. 4733 of the Vanderburgh Circuit Court, and that during the December term 1951 the court dismissed said Cause No. 4733 as to the defendant John Soucie, and that he, the said defendant, was then and there discharged and his recognizance ordered released by said court agreeable with the provisions of §9-1403, *supra*; that thereafter, on October 22, 1953 the prosecuting attorney filed an affidavit in two counts against said defendant Soucie and another, charging him with the same offense as that charged in the indictment in said Cause No. 4733; and further alleging that said discharge by the Vanderburgh Circuit Court of the defendant John Soucie in Cause No. 4733 amounted to an acquittal of the offenses charged in counts 1 and 2 of the indictment in said cause, and that his discharge from prosecution under the provisions of said §9-1403, *supra*, is a bar to further prosecution for the same offense; and praying that he be discharged and released from the offense charged in the affidavit filed on October 22, 1953, being Cause No. 6057 in said Vanderburgh Circuit Court. Thereafter the state filed its reply and the trial court, after hearing argument, sustained the plea of former jeopardy and appellee was discharged.

The sole question presented is the correctness of the court's ruling on appellee's motion which he designates a "Plea of Former Jeopardy."

This poses the question: Is a lawful discharge under the provisions of §9-1403, *supra*, a bar to subsequent prosecution for the same offense?

This question is a matter of first impression here. Decisions in most other jurisdictions, on statutes providing for the discharge of prisoners held beyond a certain specified time, lend no aid in the matter at

bar because of the varying provisions of the statutes involved.[1]

Under the factual situation in this case there is no question of former jeopardy involved.[2] Appellee's "Plea of Former Jeopardy" is, in substance, a motion for discharge and release and we will so treat it for the purpose of this appeal.

This court in considering §1782, R. S. 1881,[3] which provides that:

"And no defendant shall be detained in jail, without a trial, on an indictment or information, for a continuous period embracing more than two terms after his arrest and commitment thereon; or if he was in jail at the time the indictment was found or information filed, more than two terms after the term at which the indictment was found or the information first filed; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during said terms.", by way of dictum said:

"Such a discharge [the failure to bring a defendant to trial as provided in §1782, R. S. 1881, *supra*] amounts to an acquittal of the offence." *McGuire* v. *Wallace* (1887), 109 Ind. 284, 289, 10 N. E. 111.

---

1. See: *Johnson* v. *State* (1884), 42 Ohio St. 207; *State* v. *Wear* (1898), 145 Mo. 162; 46 S. W. 1099; *Critser* v. *State* (1910), 87 Neb. 727, 127 N. W. 1073; *In re Edwards* (1886), 35 Kan. 99, 10 P. 539; *Durham* v. *State* (1851), 9 Ga. 306; *Vance* v. *Commonwealth* (1819), 2 Va. Cases (4 Va.) 162; which hold that a discharge is a bar to further prosecution for the same offense; and *State* v. *Garthwaite* (1851), 23 N. J. L. 143; *State* v. *Deslovers* (1917), 40 R. I. 89, 100 Atl. 64; *In re Garvey* (1884), 7 Colo. 502, 4 P. 758; *State* v. *Webb* (1911), 155 N. C. 426, 70 S. E. 1064; *State* v. *Williams* (1891), 35 S. C. 160, 14 S. E. 309, where the rule is to the contrary.

2. See: *Armentrout* v. *State* (1938), 214 Ind. 273, 15 N. E. 2d 363; and concurring opinion by Gilkison, J. in *State* v. *Gurecki* (1954), 233 Ind. 383, 119 N. E. 2d 895, 898, for definition of former jeopardy.

3. Section 1782, R. S. 1881, was re-enacted as §219 of the Acts of 1905, and amended by Acts of 1927, ch. 132, §12, being §9-1402, Burns' 1942 Replacement.

Both, Acts 1927, ch. 132, §12, p. 411, being §9-1402, Burns' 1942 Replacement, and §9-1403, *supra,* are limitations upon the right of the state to hold a defendant in jail or by recognizance to answer a criminal charge. *Zehrlaut* v. *State* (1951), 230 Ind. 175, 183, 102 N. E. 2d 203; *Randolph* v. *State* (1954), 234 Ind. 57, 122 N. E. 2d 860, 863.

The law is well settled that where an accused person is discharged by virtue of a statute providing a limited time within which prosecution may be had, such discharge is a bar to subsequent prosecution for the same offense. 15 Am. Jur., Criminal Law, §342, pp. 31-32; 22 C.J.S., Criminal Law, §223, p. 349; 3 A. L. R. Anno. p. 519.

It seems to us that a lawful discharge under §9-1403, *supra,* is analogous to a discharge for failure to prosecute within the time allowed by statute, and that the rule as to the effect of a discharge under a statute of limitations should apply with equal force to a discharge under §9-1403, *supra.*

By the enactment of §9-1403, *supra,* the state conditionally surrendered its right to prosecute when an accused, who is held by recognizance to answer an affidavit or indictment, is not brought to trial within the time specified therein and the delay was caused by the state and not by the defendant.

When the statute (§9-1403, *supra*) is properly invoked a discharge thereunder is a bar to further prosecution for the same offense, and the order granting such discharge is a final judgment in the cause.

Cf: *Ex parte McGehan* (1872), 22 Ohio St. 442, 445; *Johnson* v. *State* (1884), 42 Ohio St. 207, 208, 209; *State* v. *Wear* (1898), 145 Mo. 162, 46 S. W. 1099;

*Critser* v. *State* (1910), 87 Neb. 727, 127 N. W. 1073; *In re Edwards* (1886), 35 Kan. 99, 10 P. 539.

To hold that appellee herein could be prosecuted by affidavit for the same offense for which he had been previously indicted and lawfully discharged under the provisions of §9-1403, *supra,* would, in effect, destroy the very purpose[4] of the statute and make of it a nullity.

The discharge of appellee from prosecution under the indictment filed against him on September 19, 1950, was not an acquittal in the sense of determining his guilt or innocence. However, it did amount to an acquittal in that the order granting the discharge was a final judgment in the cause and put an end to any further proceedings against him for the offense charged in the indictment.

For the reasons hereinabove stated, the judgment of the trial court releasing and discharging appellee must be affirmed.

Judgment affirmed.

Gilkison, C. J., Achor, Emmert and Levine, JJ., concur.

NOTE.—Reported in 123 N. E. 2d 888.

---

4. "The primary and specific purpose of the statute is to provide a speedy trial on a criminal charge." *Randolph* v. *State* (1954), 234 Ind. 57, 122 N. E. 2d 860, 863.