DOOLEY *v.* STATE OF INDIANA.

[No. 30,724. Filed June 7, 1966.]

*Howard A. King*, of Jasper, for appellant.

*John J. Dillon*, Attorney General, and *Raymond I. Klagiss*, Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant, Clarence Dooley, was charged with his brother, Jerry Dooley, by affidavit in two counts: Count One, alleging the crime of second degree burglary, and Count Two, alleging the crime of auto banditry in connection with the burglary.

The appellant was tried separately. At the time of the trial his brother, Jerry Dooley, was serving time in the state prison.

The appellant filed a belated motion for a new trial pending this appeal and asked that the new trial be given so that the brother could testify in his behalf.

The appellant in trial below was found guilty of auto banditry in connection with the alleged burglary, but found not guilty of second degree burglary. There are a number of

alleged errors raised for our consideration. However, we need only consider two of these.

The first error claimed is that the verdict of the jury is not sustained by sufficient evidence. The evidence briefly shows that the appellant's brother was a salesman who had called on the business at the Parket Market, Inc., a general grocery store in Jasper, Indiana, where the alleged burglary occurred. This brother had been in the store after closing hours five or six times prior to the date of the alleged burglary on August 2, 1963. At these times he had seen the operators place money in the meat cooler under meat packages. On the night in question the appellant, with his brother, drove into a filling station near Jasper in the appellant's Pontiac car, and there had the car checked for certain difficulties. They left the filling station, the evidence shows, about 10:30. Shortly thereafter a police officer saw this same car in Jasper with two men inside, but could not identify them. The police officer said the car took a route towards the Parket Market. The appellant's car was seen parked at Seventh Street on the north side of the Parket Market within the same block as the grocery store again at 12:30 and as late as 1:30 a.m. on that night. No one was present in the car.

In the morning at 8:00 a.m. it was discovered that the Parket Market had been broken into and burglarized. It was revealed that a case of ham of Southern Star brand, along with money, cigarettes, cigars and meat products, was gone. Drippings from the meat were found to lead from the meat case out the back door in the direction of the place where appellant's car was parked. The next day about 4:00 p.m. officers of the Terre Haute police department saw appellant's brother, Jerry, driving the appellant's car on the outskirts of Terre Haute. They managed to stop the car and the appellant's brother attempted to flee at the time. The appellant was not in the car or seen at that time. When they finally arrested the brother and searched the car, they found

cigars, tobacco and money, which was identified as having been taken out of the Parket Market the night before.

Appellant was not apprehended or arrested until about three days later in Jasper, Indiana, and when they searched the car he was driving they found lying on the seat one six-pound can of Southern Star ham. No one was able to identify this as coming from the Parket Market.

It will be noted that the evidence connecting the appellant's brother, Jerry, with the burglary and finding in his possession property taken from the grocery store burglarized, in an automobile which the brother was driving at the time, with the added evidence that the brother attempted to flee at the time, makes a convincing case against appellant's brother. However, this does not convict the appellant.

When we analyze the evidence, we find that so far as the appellant is concerned, he is seen with his brother at a filing station about 10:30 on the evening of the burglary, and there is evidence that the car was seen going in the direction of the Parket grocery, although a police officer could not identify the two occupants of the car. From that period on we have no evidence that connects the appellant with the burglary until approximately three days later when he is arrested driving another car with a can of ham in it of the same brand sold at the grocery. There is no evidence that the appellant was in or about the grocery except that his unoccupied car was seen there that night, yet that same car was found in the possession of his brother the next day and not in the possession of the appellant. We do not believe under the circumstances there is evidence here which proves that the appellant committed the burglary alleged or used a car to escape or attempt to escape in the commission of the felony alleged. *Bruck* v. *State* (1963), 244 Ind. 466, 193 N. E. 2d 491.

The second question which should be resolved if this case goes back for retrial and which has been raised for our

consideration, is the contention that the verdict is contrary to law for the reason that there has been an acquittal of a lesser included offense of burglary in the second degree, and thus the appellant cannot be found guilty of auto banditry involving the same offense, and that accordingly appellant is entitled to be discharged.

Some attempt has been made to distinguish this case from other cases where there had been a conviction on both the felony count and the count of auto banditry. However, we think an analysis of Burns' Ind. Stat. Anno. § 10-4710 (1965 Supp.) makes it plain that the automobile may be used in connection not only with the commission of a felony, to-wit: second degree burglary in this case, but also in connection with an *attempt* to commit a felony. Burns' Ind. Stat. Anno. § 10-4710 (1965 Supp.) reads as follows:

> "If any person or persons shall commit or attempt to commit a felony, having at the time on or near the premises where such felony is attempted or committed, an automobile, motorcycle, aeroplane, or other self-moving conveyance, by the use of which he or they escape, attempt to escape or intend to escape, or having attempted or committed such felony, he or they seize an automobile, motorcycle, aeroplane, or other self-moving conveyance, by the use of which he or they escape or attempt to escape, he, they and each of them shall be guilty of automobile banditry, and, upon conviction thereof, shall be imprisoned in the state prison for not less than one (1) year nor more than five (5) years."

So, in the case before us, even though the appellant was not guilty of burglary in the second degree, he might still be guilty of *an attempt* to commit a felony such as burglary in the second degree, and the use of a car to escape in connection with an attempt. He would thus be guilty of auto banditry and such, we point out, is the possibility, depending upon the evidence, if the appellant is tried again on auto banditry.

It is suggested in this connection that there is no statutory crime of attempt to commit burglary. Be that as it may,

Burns' Ind. Stat. Anno. § 10-4710 (1965 Supp.) provides nevertheless that the use of a car in the "attempt to commit a felony" constitutes auto banditry, and an attempt to commit burglary is not excluded therefrom. An attempt to commit burglary is not a statutory crime standing by itself, but such an attempt, coupled with the use of an automobile to escape, is a crime under the statute defining auto banditry, *Hudson* v. *State* (1957), 236 Ind. 237, 139 N. E. 2d 917.

For the reasons stated, the judgment of the trial court is reversed and a new trial ordered.

Rakestraw, C. J. and Myers, J., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 217 N. E. 2d 46.