WILLIAM H. KIRK *v.* STATE OF INDIANA.

[No. 770S151. Filed June 1, 1971. Rehearing denied September 13, 1971.]

*Anthony V. Luber,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

GIVAN, J.—The appellant was charged with second degree burglary. Later an additional count of automobile banditry was added to the charge. Trial was had by jury. Before submission to the jury, the court sustained appellant's motion for acquittal as to the charge of second degree burglary. The remaining charge of automobile banditry was submitted to the jury resulting in a verdict of guilty as charged. Following this verdict the appellant was sentenced to the Indiana State Reformatory for not less than one nor more than five years.

The record discloses the following facts:

The second degree burglary charge was filed against the appellant on February 14, 1968. On October 24, 1968, he filed a motion for dismissal under Rule 1-4D. On October 28, 1968, the court overruled appellant's motion to dismiss. On November 13, 1968, the State filed the additional charge of automobile banditry. As above set out, the appellant was subsequently acquitted of second degree burglary and found guilty of automobile banditry.

The facts upon which the appellant stands convicted of automobile banditry are as follows:

On February 11, 1968, at about 1:00 A.M., State's witness

Victor Hammans saw an automobile parked between his home and the home of his father-in-law. He saw two men get out of the car, one of whom he identified as the appellant. He observed the two men go behind a truck stop. The witness stated that he went to the automobile, cleaned snow from the license plate, observed it to be a Michigan plate with prefix letters ST. The witness then called the sheriff's department. Deputy Sheriff Patrick Kelley testified that he and his partner, Sergeant Singleton, received a radio dispatch that evening containing the information given to the department by the Witness Hammans. When the police officers arrived at the truck stop, Officer Kelley went to the back of the building where he heard noises, and upon turning on a light he saw the appellant and another man crouched down. He ordered them to stand up. When they did so a crowbar fell to the ground. Upon investigation the officer discovered that a window in the building had been opened about 14 to 18 inches. There were fresh pry marks along the base of the window which matched the end of the crowbar.

Appellant first contends the trial court erred in failing to discharge him pursuant to Rule 1-4D, claiming that he was held in jail over six months without delay on his part and, therefore, was entitled to relief under the rule. We need not go into his contentions in this regard for the reason that he was ordered acquitted by the trial judge on the charge of second degree burglary, which was the only charge to which Rule 1-4D could possibly have been applied. The charge of automobile banditry was not filed until after his motion for discharge as to the burglary charge had been overruled by the trial court. Rule 1-4D which was then in force reads in pertinent part as follows:

> "No defendant shall be detained in jail on a charge, without a trial, for a continuous period embracing more than [6] months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later) ; . . . ."

The appellant was first under arrest under the charge of second degree burglary and it was not until much later that the charge of automobile banditry was filed by the State. The six month period runs from the date of the arrest or the filing of the charge, whichever is later. *State ex rel. Curry* v. *Davis* (1968), 251 Ind. 504, 242 N. E. 2d 512, 16 Ind. Dec. 267.

The appellant next contends the trial court erred in overruling his motion for acquittal on the charge of automobile banditry because the State in failing to prove the second degree burglary charge failed in proving an essential element in the automobile banditry charge. It is appellant's position that since the State saw fit to charge a completed second degree burglary as the crime involved in the automobile banditry that the failure to prove the completed burglary and the resting of the conviction of automobile banditry on an attempt to commit the second degree burglary was a fatal variance between the facts charged and the facts proved. With this we cannot agree. When the State charges the crime of automobile banditry, it may charge either a completed felony or an attempt to commit a felony, having on or near the premises an automobile which is intended to be used for escape. If the State, as it did in this case, charges a completed felony, it is nevertheless sufficient to sustain the charge of automobile banditry if the proof in fact establishes an attempt to commit the charged crime. *Dooley* v. *State* (1966), 247 Ind. 440, 217 N. E. 2d 46, 8 Ind. Dec. 440.

The appellant claims that he was harmed by this alleged variance in that had he known the State would only be required to prove an attempted second degree burglary, he would have taken the witness stand to testify, but that he was misled in that because of the language of the charge he thought the State was going to be required to prove a completed burglary. The record does not support the appellant in this contention. During the presentation of appellant's defense and

before appellant had rested, the trial court clearly explained to counsel for the appellant that it was the court's ruling that the proof by the State would be sufficient to go to the jury if the State proved an attempt to commit the second degree burglary. It was after this statement by the trial court to counsel for the appellant that the appellant rested. The trial court was correct in its statement of the law to appellant's counsel at that time. We, therefore, hold that appellant could not have been misled in this regard for two reasons: First, the statute defining automobile banditry clearly states that the charge may be a completed felony or an attempted felony. He was charged with the knowledge of the content of the statute. Second, as above stated, the trial court clearly and correctly informed him of the law in this regard before he rested his defense. We, therefore, hold the trial court did not err in permitting the charge of automobile banditry to be submitted to the jury for its consideration.

Appellant next contends the trial court erred in giving State's requested Instruction No. 7, which instruction advised the jury that it would be sufficient on the charge of automobile banditry to find that the appellant had attempted a second degree burglary. In view of what we have just stated in this opinion it should be obvious that the State's Instruction No. 7 was a correct statement of the law. We so hold.

The appellant next contends the trial court erred in allowing Officer Kelley to testify concerning the absence of Officer Singleton, who was with Officer Kelley on the night appellant was arrested. Officer Singleton had been listed as a witness for the State but was not available. Officer Kelley testified that Officer Singleton was ill at the time of the trial. We see no merit to appellant's contention in this regard. Although Officer Singleton's name was on the affidavit as a witness, this Court has held that a failure to call a witness whose name is endorsed on the affidavit does not violate the right of the accused to meet his witnesses face to face. *Denton* v. *State* (1965), 246 Ind. 155, 203 N. E. 2d 539, 4

Ind. Dec. 420. Inasmuch as there would have been no error if Officer Singleton's absence remained unexplained, there could be no error in the testimony of Officer Kelley that Officer Singleton was ill at the time of the trial. We so hold.

The trial court is affirmed.

Arterburn, C.J., Hunter and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DeBRULER, J.—Unlike the majority, I believe that we should determine whether or not the trial court committed error in denying the defendant's motion for discharge for delay in trial, without regard to the events which occurred subsequent to the ruling of the trial court on that motion. If the defendant was entitled to an order of discharge upon his motion, the application of principles governing double jeopardy might result in a reversal, of this conviction on Count II for automobile banditry, which was filed by the State after the trial court denied the motion to discharge for delay. This is so because an order discharging the defendant, if made by the trial court and not appealed by the State, would have constituted a bar to his subsequent prosecution for the burglary charged in Count I, and such order would also have been a bar to his subsequent prosecution for the automobile banditry charged in Count II, if the scope of the bar as determined by the application of the principles governing double jeopardy warranted.

It is the law in Indiana that a discharge for delay in trial constitutes a bar to a subsequent prosecution for the same offense. As this Court said in *McGuire* v. *Wallace* (1886), 109 Ind. 284, 289, 10 N. E. 111, in interpreting a former two-term discharge statute, "Such a discharge amounts to an acquittal of the offense." In construing our former three-term discharge statute this Court so held in the following words:

"When the statute (§ 9-1403, *supra*) is properly invoked a discharge thereunder is a bar to further prosecution for the same offense, and the order granting such discharge is a

final judgment in the cause." *State* v. *Soucie* (1954), 234 Ind. 98, 103, 123 N. E. 2d 888.

However, since the evidence given at the hearing on the motion to discharge for delay is not before us in the record of the proceeding, it is not possible to review the trial court's order denying that motion. However, since the defendant's claim is constitutional in dimension, I would order the trial court to certify a transcript of that hearing to this Court. Upon receipt thereof, it should first be determined whether the trial court was correct in his ruling. If it should be determined on review that the trial court was in error in denying the motion, then this Court should proceed to determine the scope of the bar arising from the order to which defendant was entitled, by the application of principles governing double jeopardy.

NOTE.—Reported in 269 N. E. 2d 751.