STATE OF INDIANA, ON THE RELATION OF WILLIAM TRACY HUNTER *v.* JUVENILE COURT OF MARION COUNTY AND THE HONORABLE HAROLD N. FIELDS, JUDGE.

[No. 174S24. Filed March 29, 1974.]

*John C. Christ, Joseph W. Hadler, Robert A. Brothers and Sam Blum, Raikos, Melangton, Dougherty & Christ,* of Indianapolis, for relator.

*J. Roland Duvall,* Marion County Deputy Prosecutor, for respondents.

GIVAN, J.—Relator seeks a writ of prohibition and mandate against the respondents to vacate an order of respondent court waiving jurisdiction over the relator to the Marion County Criminal Court in a case captioned "In re William Tracy Hunter," cause No. J73-5314.

Relator also asks that respondent be prohibited from entertaining jurisdiction in said cause.

It is relator's position that he is being held in custody and was not tried within six months as required by Rule CR. 4(A).

Relator, a juvenile, was arrested on April 29, 1973, for the crime of Murder-Beating. The following day an affidavit was filed in Municipal Court of Marion County under cause No. 1073-2278 charging relator with the crime of Murder-Beating. The Judge of Municipal Court, Room 10, bound over relator to the Marion Criminal Court.

The cause was submitted to the Grand Jury which, after hearing evidence, found the relator to be 16 years of age on the date of the alleged offense.

On July 9, 1973, this information was sent by the Grand Jury to J. Roland Duvall, a Deputy Prosecuting Attorney of Marion County assigned to Juvenile Court. However, the record indicates that no formal charge was made in Juvenile Court against the relator at that time.

On November 9, 1973, relator moved for discharge in Marion Criminal Court, Room 4, pursuant to IND. RULES OF PROC., Rule CR. 4(A). Argument was had on the motion for discharge on November 15, 1973, following which the motion was denied.

On November 15, 1973, respondent began a hearing to determine whether the Juvenile Court should at that time assume jurisdiction over the person of the relator.

On November 21, 1973, relator filed a "Motion for Court Not to Entertain Formal Jurisdiction." In support of this motion relator claimed he was entitled to discharge under Rule CR. 4(A).

An evidentiary hearing was held on relator's motion.

On January 4, 1974, respondent overruled relator's motion and authorized the filing of a petition for delinquency. Respondent court then ordered a waiver hearing.

Relator argues that the filing of the criminal affidavit against him in Municipal Court was valid because the court and the prosecuting attorney were not aware of his age, and that the filing of such a valid charge required the application of IND. RULES OF PROC., Rule CR. 4(A).

If we assume for the sake of argument that the charge was brought in Municipal Court without knowledge of relator's age, it does not follow that the court obtained jurisdiction over relator's person. In *Cummings* v. *State* (1969), 252 Ind. 701, 251 N. E. 2d 663, 19 Ind. Dec. 68, the appellant had maintained she was 20 years of age at the time of the offense. After conviction, in a motion for new trial, she produced her birth certificate showing that she was

less than 18 years of age at the time of the offense. In that case this Court held, at page 704:

"Since the appellant was under eighteen years of age and was not charged with a traffic or a capital offense, she was not within the jurisdiction of the circuit court and Burns' § 9-3213, *supra*, required the circuit court to transfer the case to the juvenile court. *Hicks* v. *State* (1967), 249 Ind. 24, 230 N. E. 2d 757."

Thus, the Municipal Court and the Criminal Court did not have jurisdiction over the person of the relator. The filing of the affidavit did not constitute a charge against relator which would start the six month period running within which the relator was required to be tried under Rule CR. 4(A). See *State ex rel. Atkins* v. *Juvenile Court of Marion County* (1969), 252 Ind. 237, 247 N. E. 2d 53, 17 Ind. Dec. 391. The only purpose such an affidavit would serve would be as a petition in Juvenile Court at the time the cause was transferred.

The jurisdiction of the Marion County Juvenile Court is exclusive until waived by that court. IC 33-12-2-3, Burns Ind. Ann. Stat. 1973 Supp., § 9-3103.

We, therefore, hold that no valid charge was filed against relator until January 4, 1974, at the time the petition for delinquency was filed in Juvenile Court. CR. 4(A) provides that the six month period shall run from the date the charge is filed or from the date of the arrest, *whichever is later.* Therefore, the six month period did not began to run until January 4, 1974.

Relator's remedy during the period of his incarceration prior to the filing of the charge would have been a writ of *habeas corpus.*

For the reasons above stated, relator's petition for writ of prohibition and mandate is hereby denied.

Arterburn, C.J., Hunter and Prentice, JJ., concur; DeBruler, J., dissents without opinion.

NOTE.—Reported in 308 N. E. 2d 695.