LEON JOHNSON, ARTHUR B. CLOUGH, AKA FRANK L. FARLOW *v.* STATE OF INDIANA.

[No. 272S15. Filed July 9, 1974. Rehearing denied August 20, 1974.]

*Vance M. Waggoner*, of Rushville, for appellants.

*Theodore L. Sendak*, Attorney General, *Darrel K. Diamond*, Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Leon Johnson and Arthur B. Clough from a conviction for inflicting injury in the commission of robbery. Trial was by jury and appellants were sentenced to life imprisonment. A motion to correct errors was timely filed and overruled. This appeal followed.

Although this case involves a now substantially amended criminal rule, the holding is clearly applicable to that amended rule. CR. 4(C), as amended by this Court on December 17, 1973, effective February 1, 1974, reads as follows:

> *"Defendant discharged.* No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later. Any defendant so held shall, on motion, be discharged."

Appellants' major allegation of error is that they were entitled to discharge pursuant to CR. 4(A). CR. 4(A)—DISCHARGE FOR DELAY IN CRIMINAL TRIALS—read in pertinent part as follows prior to the aforementioned amendment:

> *"Defendant in jail.* No defendant shall be detained in jail on a charge, without a trial, *for a continuous period embracing more than six [6] months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later)*; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar . . ." (Emphasis added.)

In order to determine whether a CR. 4(A) discharge was applicable in the instant case, we must look to the record and those facts most favorable to the State.

On October 10, 1969, the appellants were arrested and on October 11, 1969, were charged with *robbery* in Marion Municipal Court. Upon the motion of appellants, the preliminary hearing was continued to November 13, 1969. On April 14, 1970, an affidavit was filed in Marion Criminal Court, Division Two, charging both appellants with robbery and armed robbery. Appellants moved to discharge pursuant to CR. 4(A) on May 25, 1970, which motion was overruled July 23, 1970. Thereafter, on June 5, 1970, an affidavit was filed in Marion Criminal Court charging both appellants with inflicting injury in the commission of a robbery.

After a series of continuances (initiated by the appellants), the April 14, 1970, robbery charge and the June 5, 1970, inflicting injury charge were nolled on August 21, 1970. The affidavit, upon which the appellants were convicted, was filed on August 21, 1970, charging them with robbery and inflicting injury in the commission of robbery. The cause was then venued to Rush County. On February 22, 1971, appellants filed their motion to discharge which was overruled.

CR. 4(A) required that criminal defendants, who were detained in jail on a charge, be brought to trial on that charge within a six-month period. The time began to run either from the date the charge was filed or the date of the arrest, whichever was later. If, however, a delay was caused by the acts of the defendant, the six months began to run anew. *Summerlin* v. *State* (1971), 256 Ind. 652, 271 N.E.2d 411; *State* v. *Grow* (1970), 255 Ind. 183, 263 N.E.2d 277. In the case at bar, the *appellants* moved to continue the preliminary hearing to November 13, 1969. Hence, according to the construction given CR. 4(A) at that time, the six-month period began to run from the latter date. The critical period upon which we must focus our attention, there-

fore, is between November 13, 1969, and May 25, 1970, (the date of appellants' motion to discharge).

The period between November 13, 1969, and May 25, 1970, is clearly in excess of six months. During this period, the appellants were continuously detained in jail. Therefore, we hold that the appellants' motion for discharge, filed in Marion Criminal Court, Division Two, on May 25, 1970, should have been sustained and discharge ordered *on the charge of robbery then pending.*

This Court has held that a discharge is a bar to further prosecution on that charge. *Small* v. *State* (1972), 259 Ind. 349, 287 N.E.2d 334. The affidavit upon which the appellants were convicted in this case charges both robbery and inflicting injury in the commission of a robbery. Since the appellants' motion to discharge, filed on May 25, 1970, should have been sustained, the pending charge of robbery should thereafter have been barred. But the ultimate issue presented to this Court is whether the charge of inflicting injury in the commission of a robbery is also thereafter barred. If such charge is barred, the judge of the Rush Circuit Court erred by overruling appellants' motion to discharge filed February 22, 1971. That is to say, appellants' motion to discharge should have been treated as a motion to dismiss and should have been granted.[1]

Inflicting injury in the commission of a robbery, by definition, presupposes the commission of a robbery or an attempted robbery. In fact, the charging affidavit (filed August 21, 1970), *in both counts* charges the appellants with the *commission* of *robbery.* That affidavit reads in pertinent part as follows:

"COUNT ONE

"[Defendants] did then and there *unlawfully, feloniously, forcibly by violence and putting FREDA MALIN in fear, take from the person and possession of the said FREDA*

---

1. In fact, one of the appellants (Clough) filed a motion to dismiss including a motion to discharge.

*MALIN, money then and there of the value of ONE HUNDRED DOLLARS ($100.00) in lawful money,* which property the said FREDA MALIN then and there lawfully held in her possession and was then and there the property of WILLIAM RUSSELL, doing business as THE GLASS FRONT TAVERN, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

"COUNT TWO

"The affiant aforesaid, upon his oath aforesaid, further says that FRANK L. FARLOW and LEON JOHNSON, on or about the 3rd day of OCTOBER, A.D., 1969, at and in the County of Marion and the State of Indiana, *did then and there unlawfully, feloniously, forcibly by violence and putting FREDA MALIN in fear, take from the person and possession of the said FREDA MALIN, money, then and there of the value of ONE HUNDRED DOLLARS ($100.00),* in lawful money, which money the said FREDA MALIN then and there lawfully held in her possession and was then and there the property of WILLIAM RUSSELL, doing business as THE GLASS FRONT TAVERN, and the said FRANK L. FARLOW and LEON JOHNSON, *while engaged in committing the robbery aforesaid did then and there unlawfully and feloniously inflict a physical injury, to-wit:* a wound in and upon the chest of Jems Fredericksen, with a pistol then and there held in the hands of the said LEON JOHNSON and FRANK L. FARLOW, then and there being. . . ." (Emphasis added.)

The State seizes upon the notion that a discharge only bars further prosecution for the *same* offense. The argument then proceeds to the illogical conclusion that the offense of inflicting injury in the commission of a robbery and the offense of robbery are separable for purposes of barring further prosecution. Such a premise is totally untenable.

Our reading of the robbery statute and the aforequoted affidavit inescapably leads us to the conclusion that the offense of robbery (or an attempted robbery) is an inextricable, indispensable element of the offense of inflicting injury in the commission of a robbery. In order to convict a defendant for inflicting injury, it is *absolutely essential* that the State establish either the commission

of a robbery or an attempted robbery. In the case at bar, if the State is barred from any further prosecution on the robbery charge, how can it possibly prove its inflicting injury case? Therefore, in our judgment, the State was estopped to charge the appellants with inflicting injury in the commission of a robbery.

In this case the State sought to circumvent CR. 4(A) by charging the appellants, after the six-month period had run, with essentially the same offense disguised by the cloak of semantics. It is important to note that the State from the outset had all the pertinent information necessary to charge the appellants with the offense of inflicting injury in the commission of a robbery. The State had every opportunity to so charge the appellants, and, therefore, we should not penalize the appellants for the State's failure to exercise sound judgment.

We believe that a contrary holding would represent a serious threat to the continued vitality of the recently amended CR. 4(C). It opens the door to dilatory and unconscionable prosecutorial tactics and seriously undermines the rights of the accused. Playing cat and mouse games with criminal defendants by allowing them to dangle on the proverbial string will not be countenanced by this Court. For these reasons, we reluctantly apply former CR. 4(A) to the case at bar and order the appellants discharged. Such a result is necessary to give meaning and substance to that rule. Judgment is hereby reversed and appellants ordered discharged.

DeBruler and Prentice, JJ., concur; Givan, J., dissents with opinion in which Arterburn, C.J., joins.

### DISSENTING OPINION

GIVAN, J.—I dissent from the majority opinion in this case.

The majority opinion takes the position that the appellants were held in jail under a charge of robbery from November 13, 1969, until May 25, 1970. However, the record does

not support the majority opinion in this regard. The November 13 date used by the majority was the day the appellants were bound over to the grand jury. The grand jury returned indictments against the appellants in April of 1970 but on other charges not related to the robbery.

On April 14, 1970, affidavits were filed charging the appellants with robbery and armed robbery.

On June 5, 1970, the State filed an affidavit charging inflicting of injuries in the commission of a robbery. On the same day the appellants moved for immediate trial, and trial was set for June 9, 1970. However, that motion was withdrawn by the appellants and the trial date was canceled.

On June 18, 1970, the appellants requested a continuance of their arraignment on the charge of inflicting an injury in the commission of a robbery.

On July 27 the appellants moved for a continuance on the charge of robbery and armed robbery.

July 30, 1970, the Appellant Johnson moved for a continuance as to the charge of inflicting an injury in the commission of a robbery.

On August 21, 1970, both charges were nolled. On the same date the State filed the affidavit under which the conviction now before this Court was had.

As pointed out by the majority opinion, the time for the operation of Rule CR. 4(A) begins to run either from the date the charge was filed or the date of the arrest, whichever is later.

It is apparent from this record that on November 13, 1969, the date from which the majority opinion begins to count the time for the operation of Rule CR. 4(A), the appellants were in custody on suspicion of having committed several crimes, including the crimes committed during the robbery of the Glass Front Tavern. Although they were bound over to the grand jury on November 13, 1969, the indictments returned against them by that grand jury did not include the

offenses committed at the Glass Front Tavern. The first time appellants were charged in a court having jurisdiction to try them for the crimes committed at the Glass Front Tavern was on June 5, 1970. Anything which may have occurred in Marion County Municipal Court on November 13, 1969, at the time the appellants were bound over to the grand jury which was related to the Glass Front Tavern robbery could only have been a preliminary charge. The Municipal Court has no jurisdiction in a robbery case. A preliminary charge in that court would not start the period of time running so as to require a discharge under Rule CR. 4. See *State ex rel. Hunter* v. *Juvenile Court of Marion County* (1974), 261 Ind. 624, 308 N.E.2d 695, 41 Ind. Dec. 293. Therefore, the time used by the majority opinion between November 13, 1969, and May 25, 1970, is clearly in error, since appellants were not charged with the robbery of the Glass Front Tavern until April 14, 1970. Therefore, the ruling of the Marion Criminal Court, Division 2, on May 25, 1970, denying appellants' motion to discharge was not in error. However, even if we would assume for the sake of argument that they were entitled to a discharge under the operation of the rule as to the charges of robbery and armed robbery, it is abundantly clear from this record that the charge of inflicting an injury in the commission of a robbery never was subject to dismissal under the rule. *Kirk* v. *State* (1971), 256 Ind. 480, 269 N.E.2d 751, 25 Ind. Dec. 630. The charge of inflicting an injury in the commission of a robbery was not filed until June 5, 1970. From that time until the motion for discharge under the rule, the delays incurred are chargeable to the appellants.

Appellants acknowledge the existence of the *Kirk* case. However, they argue that the holding in *Kirk* is in error in that as both charges arose out of the same criminal transaction the filing of the later charge became merged in the earlier charge. In support of this argument they cited the doctrine of collateral estoppel, as set out by the United States Supreme

Court in *Ashe* v. *Swenson* (1970), 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, and *Harris* v. *Washington* (1971), 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212. The Court in those cases held that the doctrine of collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. In *Ashe* the principle was set out as follows:

"[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in a future lawsuit." 397 U.S. at 443.

It becomes apparent from language used by the Supreme Court that collateral estoppel is not applicable where there has never been an adjudication on the merits of the case.

As will later be brought out in this dissenting opinion, the crime of armed robbery and the crime of inflicting an injury in the perpetration of a robbery are two separate and distinct crimes and, although arising out of the same transaction, the disposition of one does not necessarily affect subsequent prosecution on the other.

Therefore, the doctrine of collateral estoppel is not applicable to the facts of this case.

Appellants argue that they have been subjected to double jeopardy. This argument is without merit. Jeopardy does not attach until the jury is sworn. *Gullett* v. *State* (1953), 233 Ind. 6, 116 N.E.2d 234. *Crim* v. *State* (1973), Ind. App., 294 N.E.2d 822, 36 Ind. Dec. 132.

In *State* v. *Soucie* (1955), 234 Ind. 98, 123 N.E.2d 888, this Court properly held that the discharge of one accused of crime on the ground that the State had failed to prosecute within the time allowed was not former jeopardy, but was a bar against further prosecution for the identical offense. However, in the case at bar, the offenses were not identical.

A situation similar to the case at bar was presented in the case of *Ford* v. *State* (1951), 229 Ind. 516, 98 N.E.2d 655. In that case, beginning at page 520, this Court said:

"Appellant seems to argue in his brief that this was the same transaction. If appellant is claiming that the 'same transaction' test should be applied, this test was expressly repudiated in *State* v. *Elder* (1879), 65 Ind. 282; *Foran* v. *State, supra.* The test to be applied on the issue of former jeopardy is whether the second charge is for the same identical crime as that charged by a prior affidavit or indictment upon which a defendant has been placed in jeopardy. As stated in *Foran* v. *State, supra,* in applying the 'identity of offense' test, the test is whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction. In other words, would the same evidence be necessary to secure a conviction in the case now before us as in the former prosecution?"

In *Woods* v. *State* (1955), 234 Ind. 598, 130 N.E.2d 139, beginning at page 607, this Court stated:

"But when the same facts constitute two or more offences, wherein the lesser offence is not necessarily involved in the greater, and when the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second, although the offences were both committed at the same time and by the same act."

The statute defining the crimes of robbery and inflicting injury in the commission of a robbery reads as follows:

"Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten [10] years nor more than twenty-five [25] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, bludgeon, billy, club, blackjack, or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon conviction, be imprisoned in the state prison for life. [Acts 1941, ch. 148, § 6, p. 447.]" IC 35-13-4-6, BURNS IND. ANN. STAT., 1956 Repl., § 10-4101.

A reading of the statute clearly reveals that a robbery could be committed without the infliction of an injury, thus the person could only be convicted of robbery. On the other hand,

if a person attempted to commit a robbery, but did not successfully complete the act, but in so doing inflicted an injury upon an intended victim, the perpetrator would be guilty of the crime of inflicting an injury in attempting a robbery although he had not been guilty of robbery.

It thus becomes clear by every test that one is not necessarily an included offense of the other. A person could be found guilty of either without the inclusion of the other. See *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E.2d 498, 19 Ind. Dec. 363. We thus have a situation in the case at bar where a statute defines two separate offenses which are alleged to have been perpetrated at the same time.

In making the above observation we are not unmindful of cases in which this Court has held that where the charging indictment or affidavit by its language includes one offense within another, the Court cannot assess separate penalties on each conviction, but must sentence only for the greater offense. See *Mims* v. *State* (1957), 236 Ind. 439, 140 N.E.2d 878. This principle of law is not to be confused with the State's ability to choose which of such offenses it will prosecute nor does this principle of law preclude a trier of fact from finding in a particular case that the State has failed to sustain its burden of proof as to one charge, but has proven beyond a reasonable doubt the other charge as defined in the statute. See also *Kokenes* v. *State* (1938), 213 Ind. 476, 479, 13 N.E.2d 524.

Appellants further argue that the State's action violated their rights to speedy trial and due process as guaranteed by the Indiana Constitution and the United States Constitution. The cases cited by the appellants are neither within the factual nor durational situation of the case at bar. Appellants appear to attach some sort of significance to the fact that the State had all the pertinent information necessary to charge them with the offense of inflicting injury in the commission of a robbery from the time of their arrest, and thereby imply that

the State was somehow penalizing them by filing the charge at a later time.

All that is required of the State in the filing of charges in any criminal case is to file those charges within the statute of limitations.

The majority opinion does not follow the argument nor the authorities set forth in appellants' brief, but instead, after stating

"The argument [of appellee] then proceeds to the illogical conclusion that the offense of inflicting injury in the commission of a robbery and the offense of robbery are seprable for purposes of barring further prosecution. Such a premise is totally untenable,"

merely enters into a philosophic dissertation without authority, and comes to a conclusion which, in effect, holds for the first time that if two or more crimes are committed in the course of the same occurrence, that each and every one of the crimes so committed must be charged and prosecuted by the State within the period of time allowed by Rule CR. 4 or they will be forever barred from prosecution.

This is an irrational extension of the purpose of the rule which was never contemplated at the time of its adoption. By so holding the majority has adopted for the first time a principle of law which does away with the statute of limitations concerning any crime, the commission of which and the perpetrators of which are known to authorities. A logical extension of the reasoning in this case would apply to any situation where the crime and the perpetrators of the same were known to authorities. The majority is in effect saying that if the authorities knew of the commission of this crime, they, therefore, should have charged it, therefore the court will assume that it was charged for the purposes of the operation of Rule CR. 4.

In the case at bar, the police authorities and the prosecuting authorities acted with dispatch in good faith under the existing laws of Indiana. For this Court to make a sudden irra-

tional departure without benefit of authority with the result of an absolute discharge of persons who have been convicted of inflicting personal injury in the perpetration of a robbery, deprives the law abiding citizens of this state of due process of law and discharges convicted felons whose trial would have occurred much sooner were it not for numerous delays occurring at their request.

I would follow the law as it has existed in Indiana prior to this decision and would affirm the decision of the trial court.

Arterburn, C.J., concurs.

NOTE.—Reported at 313 N.E.2d 535.